**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**James A. MILLER, Appellant**

Superior Court of Pennsylvania.

Submitted Aug. 27, 2001.
Filed Dec. 5, 2001.

---

2. See Restatement (Second) of Torts § 766 Comments.

James R. Robinson, York, for appellant.

Seth A. Mendelsohn, Dep. Atty. Gen., Harrisburg, for Com., appellee.

Before: DEL SOLE, President Judge, CAVANAUGH, J. and CERCONE, President Judge Emeritus.

DEL SOLE, President Judge.

¶1 This is an appeal from the August 21, 2000, Order denying Appellant's writ of habeas corpus petition and requiring him to register as a sex offender under Pennsylvania's Megan's Law, 42 Pa.C.S.A. § 9791 *et seq.* We affirm.

¶2 On July 14, 1997, Appellant pled guilty to one count of sexual exploitation of minors, 18 U.S.C. § 2522(a)(1), in the United States District Court for the District of Hawaii. In the written plea agreement,[1] Appellant acknowledges that he:

> ... used a computer in Honolulu to send computer graphic files to an individual in Texas. Some of the files contained visual images of minors engaged in sexually explicit conduct. The images included a picture of a female under the age of 12 masturbating with a cylindrical object, and a picture of a naked, minor female blindfolded and in bondage. [Appellant] knew the images depicted minors engaged in sexually explicit conduct.

Plea Agreement at 3. Appellant was sentenced to six months' imprisonment to be followed by three years' supervised release. Upon completing his prison sentence in Hawaii, Appellant relocated to Pennsylvania to serve his supervised release. Once in Pennsylvania, the State Police advised him to register as a convicted sex offender pursuant to Megan's Law. Appellant filed a writ of habeas corpus petition in the York County Court of Common Pleas "to test the assertion of the Commonwealth that he is subject to the registration requirements" of Megan's Law.[2] Trial Court Opinion, 1/31/01, at 1.

---

1. Appellant's plea agreement is included in the parties' stipulation of facts.

2. The Commonwealth agreed not to charge Appellant criminally for violating Megan's

Because Appellant was convicted in a federal court, the trial court applied § 9793(d)[3] requiring the registration of an individual convicted of an "offense equivalent to any of the offenses listed in [the statute]" in a jurisdiction other than Pennsylvania. The court determined that the federal crime for which Appellant was convicted is equivalent to 18 Pa.C.S.A. § 5903(a)(3), a crime listed in § 9793(b)[4] for which an offender must register. Accordingly, the trial court found Appellant subject to the registration requirements of Megan's Law. This timely appeal followed.

¶ 3 Appellant claims that the trial court erred when it concluded that he is required to register under Megan's Law and specifically when it found that the crime of which he was convicted is equivalent to 18 Pa.C.S.A. § 5903(a)(3).[5] We affirm the trial court's determination that Appellant is required to register pursuant to Megan's Law, although we reach our conclusion through different reasoning, after determining that the offense for which Appellant was convicted in Hawaii is equivalent to 18 Pa.C.S.A. § 6312(c). As an appellate court, we may affirm by reasoning different than that used by the trial court. *Commonwealth v. Toanone*, 381 Pa.Super. 336, 553 A.2d 998, 1001 (1989).

 ¶ 4 Our standard of review is well-settled: a trial court's denial or grant of a writ of habeas corpus petition will be reversed on appeal only for a manifest abuse of discretion. *Commonwealth v. Lundberg*, 422 Pa.Super. 495, 619 A.2d 1066, 1068 (1993). Further, if a trial court's decision is correct, we may affirm on any ground. *Commonwealth v. Thompson*, 778 A.2d 1215, 1223 n. 6 (Pa.Super.2001), *appeal denied*, 786 A.2d 988, 2001 Pa. Lexis 2033 (Pa.2001) (citing *Commonwealth v. Owen*, 397 Pa.Super. 507, 580 A.2d 412 (1990)).

¶ 5 In response to the 1994 murder of seven-year-old Megan Kanka by a neighbor who had been convicted twice of sex offenses against young girls, the state of New Jersey passed "Megan's Law," requiring registration and community notification of sex offenders. N.J.S.A. 2C:7–1 *et seq.; see E.B. v. Verniero*, 119 F.3d 1077, 1081 (3d Cir.1997), *cert. denied*, 522 U.S. 1110, 118 S.Ct. 1039, 140 L.Ed.2d 105 (1998). Following New Jersey's lead, Pennsylvania enacted its first version of Megan's Law in October 1995,[6] and amended it in May 2000, effective July 10, 2000.[7] Currently, Pennsylvania requires that individuals convicted of the offenses enumerated in § 9795.1 register their addresses with the Pennsylvania State Police following their "release from incarceration, upon parole from a State or county correctional institution or upon the commencement of a sentence of intermediate punish-

Law pending the trial court's decision regarding his petition. *See* 42 Pa.C.S.A. § 9795.2(d).

3. This section was repealed effective July 10, 2000; its subject matter is now in § 9795.2(b)(1).

4. Subsection (b) of § 9793 was repealed effective July 10, 2000; its subject matter is now in § 9795.1(a), (b).

5. In a footnote, the Commonwealth suggests that because Appellant's brief was untimely filed, his appeal should be dismissed. Commonwealth's Brief at 2, n.2. Although the

Commonwealth could have moved for dismissal pursuant to Pa.R.A.P. 2188, it did not do so. Per our discretion, we will address the merits of the appeal.

6. The law took effect 180 days after its adoption, on April 21, 1996.

7. Because Appellant was first required to register pursuant to the trial court's Order dated August 21, 2000, we will apply the statutory scheme in place at that time, which includes the July 2000 amendments.

ment or probation." 42 Pa.C.S.A. § 9795.2(a)(1). Individuals convicted in jurisdictions outside the Commonwealth are subject to § 9795.2(b)(1), which provides:

> The registration requirements of this subchapter shall apply to individuals convicted of an equivalent offense listed in section 9795.1 where the conviction occurred in another state, territory, Federal court or the District of Columbia or where the individual was sentenced by court martial, or where the individual was required to register under a sexual offender statute in the jurisdiction where the individual was convicted, and the individual:
>> (i) resides in this Commonwealth; or
>> (ii) is employed or is a student in this Commonwealth.

42 Pa.C.S.A. § 9795.2(b)(1).

■ ¶ 6 In the instant case, Appellant was convicted in a federal court and currently resides in the Commonwealth. Therefore, Appellant must register pursuant to § 9795.2(b)(1) if the offense of which he was convicted constitutes an "equivalent offense." This Court has stated that "[a]n equivalent offense is that which is substantially identical in nature and definition as the out-of-state or federal offense when compared to the Pennsylvania offense." *Commonwealth v. Whisnant,* 390 Pa.Super. 192, 568 A.2d 259, 260 (1990) (citing *Commonwealth v. Bolden,* 367 Pa.Super. 333, 532 A.2d 1172, 1176 (1987)). Further, we compare "not only the elements of the crimes, but also ... the conduct to be prohibited and the underlying public policy of the two statutes." *Commonwealth v. Robertson,* 555 Pa. 72, 722 A.2d 1047, 1049 (1999).

■ ¶ 7 Applying this analysis, we conclude that the crime of which Appellant was convicted is the "equivalent offense" of 18 Pa.C.S.A. § 6312(c), an offense listed in § 9795.1(a)(1) for which an individual must register. Appellant was convicted of 18 U.S.C. § 2252(a)(1), which provides punishment for:

> (a) Any person who—
>> (1) knowingly transports or ships in interstate or foreign commerce by any means including by computer or mails, any visual depiction, if—
>>> (A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and
>>> (B) such visual depiction is of such conduct . . . .

18 U.S.C. § 2252(a)(1). This crime is remarkably similar to 18 Pa.C.S.A. § 6312(c), which provides:

> Any person who knowingly sells, distributes, delivers, disseminates, transfers, displays or exhibits to others, or who possesses for the purpose of sale, distribution, delivery, dissemination, transfer, display or exhibition to others, any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act is guilty of a felony of the third degree.

18 Pa.C.S.A. § 6312(c). The elements of both crimes include the knowing transport of a visual image of a minor engaged in sexually explicit conduct. The conduct prohibited by both statutes is the same—the transportation of child pornography by any means. Additionally, the public policy behind both statutes is the same, *i.e.,* to prevent the exploitation of minors by punishing the dissemination of material depicting minors engaged in sexually explicit conduct. As the elements of, the conduct prohibited by, and the public policy behind 18 U.S.C. § 2252(a)(1) and 18 Pa.C.S.A. § 6312(c) are the same, we find that they are equivalent offenses. Because we con-

clude that the crime of which Appellant was convicted in federal court is an "equivalent offense" to an offense listed in § 9795.1(a), namely 18 Pa.C.S.A. § 6312, Appellant is required to register pursuant to Megan's Law.

■ ¶ 8 Appellant further alleges that he is not subject to the registration requirements because the acts underlying his conviction occurred before the effective date of Megan's Law. This argument fails. Our Supreme Court has held that there is no violation of any *ex post facto* provision in requiring registration when the acts underlying an individual's conviction occurred prior to the effective date of the registration requirements. *Commonwealth v. Gaffney*, 557 Pa. 327, 733 A.2d 616, 617 (1999). The Court reasoned that the purpose of the legislature in requiring the registration of certain sex offenders was not punitive, but rather to promote public safety. *Id.* at 619. Accordingly, Appellant is entitled to no relief.

■ ¶ 9 Finally, Appellant argues that he should not be required to register because the notification procedures in Megan's Law were not followed.[8] Section 9795.3 requires the "sentencing court" to inform offenders at the time of sentencing of the duties to register, to inform the State Police of a change of residence within 10 days, and to have the offender read and sign a form stating that the duty to register has been explained. 42 Pa.C.S.A. § 9795.3. Appellant claims that because the federal court in Hawaii did not perform these procedures, he should not be required to register. We disagree. The trial court has ably addressed this argument:

> As we observed in our Order of August 21, 2000, it is not feasible nor reasonable to require every jurisdiction to advise defendants of the registration requirements of the other 50 states as well as of federal requirements and consequences of criminal conviction in the original jurisdiction. Rather, we concluded what is required is that the new or receiving jurisdiction advise a defendant of the registration requirements in the new or receiving jurisdiction. That is what occurred here and we conclude that Pennsylvania's registration requirements are required to be followed by the [Appellant] under these circumstances.

Trial Court Opinion, 1/31/00, at 5.

¶ 10 Finding no abuse of discretion by the trial court and no merit in Appellant's arguments, we affirm.

¶ 11 Order affirmed.

**In re: N.E.**

---

**8.** Appellant references § 9795(b) to support his argument. This section was repealed effective July 10, 2000; its subject matter is now in § 9795.3. As Appellant was first required to register pursuant to the trial court's Order dated August 21, 2000, we will apply the statutory scheme in place at that time, which includes the July 2000 amendments.