J-S74001-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSEPH M. HOUGHTON, | |
| Appellant | No. 2862 EDA 2013 |

Appeal from the PCRA Order Entered September 17, 2013
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0001073-2010

BEFORE:  BENDER, P.J.E., DONOHUE, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED DECEMBER 08, 2014**

Appellant, Joseph M. Houghton, appeals *pro se* from the trial court's

September 17, 2013 order denying his petition for relief filed pursuant to the

Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court set forth the procedural history of this case as follows:

> On August 9, 2010, Appellant entered a negotiated guilty plea to three counts of Possession with Intent to Deliver and was immediately sentenced … to: an aggregate state term of imprisonment totaling 15-36 months, plus four years of consecutive state probation.  No Post-sentence Motions were filed.  In addition, [] Appellant never filed a timely direct appeal to the Pennsylvania Superior Court.
>
> One year later, on August 9, 2011, Appellant filed a *pro se* "Application for Permission to file Nunc Pro Tunc Appeal" with the Superior Court.  On August 29, 2011, the Superior Court denied

_____

[*] Retired Senior Judge assigned to the Superior Court.

his *pro se* appeal without prejudice to [his ability] to apply for relief in the trial court via the [PCRA]….

Eventually, on May 9, 2013, [] Appellant filed a Petition under the … []PCRA[], and subsequently Henry DiBenedetto Forrest, Esquire[,] was appointed to represent [] Appellant.  On June 13, 2013, [counsel] … determined that there were no issues of merit and submitted a "no merit" letter pursuant to … **Commonwealth v. Turner**, … 544 A.2d 927 ([Pa.] 1988)[, and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988)].

On June 14, 2013, the [PCRA] [c]ourt[,] after considering counsel's no merit letter and after an independent review of the record[,] filed a Notice of Intent to Dismiss [Appellant's] PCRA petition without a hearing.  On September 18, 2013, the Court denied Appellant's PCRA [p]etition.  On October 10, 2013[,] Appellant filed a timely Notice of Appeal, and on October 16, 2013[,] the [c]ourt filed a[n] … order directing Appellant to file a Concise Statement of [Errors] Complained of on Appeal pursuant to Pa.R.A.P. 1925[(b)].  The [o]rder provided:

> Appellant shall forthwith – and no later than twenty-one (21) days following the date of this Order [-] file of record in the lower Court and serve on the trial judge a Concise Statement of [Errors] Complained of on Appeal.  Pursuant to Pa.R.A.P. 1925(b), failure to comply with such direction may be considered by the Appellate Court as a waiver of all objections to the Order, ruling or other matters complained of.

As of the date of this opinion, Appellant has filed no Statement of [Errors] Complained of on Appeal.

PCRA Court Opinion (PCO), 3/5/14, at 1-2 (footnotes omitted).

After this Court granted Appellant several extensions of time within which to file his appellate brief, he filed an untimely *pro se* brief with this Court on August 25, 2014.  Because the Commonwealth did not move for dismissal of this appeal based on Appellant's untimely-filed brief, we will overlook this error.  **See** Pa.R.A.P. 2188 ("If an appellant fails to file his … brief … within the time prescribed by these rules, or within the time as

extended, **an appellee may move for dismissal of the matter**.") (emphasis added); **see also Commonwealth v. Miller**, 787 A.2d 1036, 1038 n.5 (Pa. Super. 2001) (noting it is within our discretion to address the merits of an appeal where the appellant's brief was untimely filed and the Commonwealth did not move for dismissal pursuant to Rule 2188).

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001).

We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. **Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007) (stating PCRA time limitations implicate our jurisdiction and may not be altered or disregarded to address the merits of the petition); **Commonwealth v. Johnson**, 803 A.2d 1291, 1294 (Pa. Super. 2002) (holding the Superior Court lacks jurisdiction to reach merits of an appeal from an untimely PCRA petition). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the exceptions set forth

in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies. That section states, in relevant part:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on September 9, 2010, thirty days after his judgment of sentence was imposed. ***See*** 42 Pa.C.S. § 9545(b)(3) (judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 903(a) ("Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed [with

- 4 -

the Superior Court] within 30 days after the entry of the order from which the appeal is taken."). Thus, Appellant had until September 9, 2011, to file a timely petition, making his May 9, 2013 petition patently untimely. Consequently, for this Court to have jurisdiction to review the merits of this appeal, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

From what we can ascertain from Appellant's handwritten brief (which does not fully comply with the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure), Appellant avers that his plea counsel acted ineffectively by "steadfastly refus[ing] to get [Appellant] proper discovery and to advance [his] defense of entrapment." Initially, this claim is waived because Appellant did not file a Rule 1925(b) statement. **See** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."). Nevertheless, even had Appellant preserved this issue in a timely-filed Rule 1925(b) statement, it would not satisfy one of the above-stated exceptions. Both our Supreme Court and this Court have stated that claims of ineffectiveness generally cannot save an otherwise untimely PCRA petition. **See Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 785 (holding that ineffectiveness of counsel claim generally does not constitute an exception to the PCRA time requirements); **Commonwealth v. Williams**, 35 A.3d 44, 54 (Pa. Super. 2011) (citing **Gamboa-Taylor** in concluding that the appellant could not rely on an ineffective assistance of

counsel claim to satisfy one of the exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii)). Accordingly, we agree with the PCRA court that Appellant's petition was untimely and that he has failed to plead and prove the applicability of a timeliness exception.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/8/2014