J-A05036-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALTON LESSIG, JR., | |
| Appellant | No. 1558 EDA 2014 |

Appeal from the Order Entered April 24, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0004640-2009

BEFORE:  GANTMAN, P.J., SHOGAN, and ALLEN, JJ.

MEMORANDUM BY SHOGAN, J.:                     **FILED JUNE 01, 2015**

Appellant, Alton Lessig, Jr., appeals from the order denying his petition for *habeas corpus*, which sought an exemption from the lifetime registration requirements of Pennsylvania's "new" Megan's Law, known as the Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S. § 9799 *et seq*.  We affirm.

We summarize the underlying history of this case as follows.  On April 9, 2009, at docket number CR-1457-2009, Appellant was charged with two counts of possession of child pornography.  On September 3, 2009, at docket number CR-4640-2009, Appellant was charged with fifty counts of possession of child pornography, and one count of criminal use of communication facility.

On December 8, 2009, pursuant to a negotiated plea agreement at docket number CR-1457-2009, Appellant pled guilty to one count of possession of child pornography. He received a sentence of incarceration of six to twenty-three months. Also on December 8, 2009, at docket number CR-4640-2009, Appellant entered a negotiated guilty plea to five counts of possession of child pornography and one count of criminal use of communication facility. He received concurrent sentences of six to twenty-three months on each of the child pornography convictions and a consecutive sentence of five years of probation for the communication facility conviction. Thus, Appellant's aggregate sentence was six to twenty-three months of incarceration, plus five years of probation.

On December 3, 2012, while serving the probationary tail of his negotiated sentence, Appellant was notified by the Pennsylvania State Police that under SORNA he is now a Tier-III sex offender and is required to register for the remainder of his life. On November 12, 2013, at docket number CR-4640-2009, Appellant filed a "Petition to Enforce Plea Agreement and/or for Writ of Habeas Corpus and/or for Exemption from Applicability to Continue to Re-Register Under Pennsylvania's 'New' Megan's Law as a Lifetime Registrant." On November 14, 2013, the trial court entered an order denying Appellant's petition.

On February 4, 2014, at docket number CR-4640-2009, Appellant filed a petition for *habeas corpus*, requesting that the trial court require him to

register for only ten years due to his negotiated plea. A hearing was held on April 3, 2014. On April 24, 2014, the trial court entered an order denying Appellant's petition. This appeal followed.

Appellant presents the following issues for our review:

Whether the Court of Common Pleas committed error:

1. In failing to grant Appellant's petition because the Court failed to consider that the Commonwealth's retroactive application of SORNA to Appellant substantially impairs the plea agreement in violation of the Contract Clauses and Due Process Clauses of both the United States and Pennsylvania Constitutions;

2. In failing to grant Appellant's petition because the Court failed to consider that Appellant should only be required to register for ten (10) years as his offenses were part of a single criminal episode or course of conduct;

3. In failing to grant Appellant's petition because the Court failed to consider that changing, or expanding and extending, Appellant's registration and reporting requirements is a form of punishment and thus, application of SORNA to Appellant violates the Ex Post Facto Provision of the United States Constitution.

Appellant's Brief at 4.

In his first issue, Appellant argues that the trial court's failure to enforce his plea agreement violates the contract clause of both the United States and Pennsylvania Constitutions, and that fundamental fairness and due process require that his plea agreement be enforced. Appellant's Brief at 9-26. Essentially, Appellant contends that he entered into his plea agreement pursuant to an understanding that he was required to register as a sexual offender for only ten years. Conversely, the Commonwealth asserts that the documents in the certified record fail to demonstrate that a ten-year

registration period was a negotiated term of Appellant's plea agreement. Commonwealth's Brief at 17.

When evaluating the terms of a negotiated plea agreement, we are guided by the following principles:

> Although a plea agreement occurs in a criminal context, it remains contractual in nature and is to be analyzed under contract-law standards. Furthermore, disputes over any particular term of a plea agreement must be resolved by objective standards. A determination of exactly what promises constitute the plea bargain must be based upon the totality of the surrounding circumstances and involves a case-by-case adjudication.
>
> Any ambiguities in the terms of the plea agreement will be construed against the Government. Nevertheless, the agreement itself controls where its language sets out the terms of the bargain with specificity.

*Commonwealth v. Kroh*, 654 A.2d 1168, 1172 (Pa. Super. 1995) (internal citations omitted).

"Plea bargains which are entered knowingly and voluntarily are viewed with favor in this Commonwealth. If a trial court accepts a plea bargain, the defendant who has given up his constitutional right to trial by jury must be afforded the benefit of all promises made by the district attorney." *Commonwealth v. Hainesworth*, 82 A.3d 444, 449 (Pa. Super. 2013) (quoting *Commonwealth v. Fruehan*, 557 A.2d 1093, 1094 (Pa. Super

1989)).[1]  "Specific enforcement of valid plea bargains is a matter of fundamental fairness."  **Hainesworth**, 82 A.3d at 449.  "In determining whether a particular plea agreement has been breached, we look to 'what the parties to this plea agreement reasonably understood to be the terms of the agreement.'"  **Id**. at 447 (quoting **Fruehan**, 557 A.2d at 1095).

"[SORNA], commonly referred to as the Adam Walsh Act, became effective on December 20, 2012."  **Commonwealth v. Partee**, 86 A.3d 245, 246 (Pa. Super. 2014).[2]  "By its terms, any individual who was then

---

[1]  We acknowledge that on April 8, 2015, our Supreme Court entered an order granting petition for allowance of appeal from our memorandum decision in **Commonwealth v. Martinez**, 1420 MDA 2013, 102 A.3d 530 (Pa. Super. filed April 14, 2014) (unpublished memorandum) to consider the proper application of **Hainesworth**.  The order in **Martinez** specifically stated the issue before the Supreme Court as follows:

> (1) Whether the Superior Court's application of its decision **Commonwealth v. Hainesworth** to the instant cases impermissibly expanded the contract clause to bind the Commonwealth to collateral consequences over which the Commonwealth has no control?

**Commonwealth v. Martinez**, 328 MAL 2014 (Pa. filed April 8, 2015).

[2]  SORNA has three legislative predecessors: Megan's Law, which our Supreme Court held unconstitutional in 1999 in **Commonwealth v. Williams**, 733 A.2d 593 (Pa. 1999); Megan's Law II, which our Supreme Court found constitutional in **Commonwealth v. Williams**, 832 A.2d 962 (Pa. 2003); and Megan's Law III, which took effect in January of 2005.  On December 20, 2011, the legislature enacted SORNA, which became effective on December 20, 2012.  SORNA requires offenders to register with state police and notify community authorities in the area where they reside.  42 Pa.C.S. § 9799.15.  The time period for which a particular offender must

*(Footnote Continued Next Page)*

being supervised by the board of probation or parole was subject to its provisions." *Id*.

In **Hainesworth**, this Court specifically enforced a negotiated plea agreement that did not require the defendant to report as a sex offender under Megan's Law, despite subsequent amendments to the statute that would have subjected him to enhanced registration requirements. Hainesworth entered a negotiated guilty plea to three counts each of statutory sexual assault and indecent assault, and one count each of indecent assault and criminal use of a communication facility in February 2009. None of these convictions required registration under the then-prevailing version of Megan's Law. Pursuant to plea negotiations, the Commonwealth withdrew the charges that would have imposed a

---

*(Footnote Continued)* ────────────

register depends on whether he has been convicted of a Tier I, Tier II, or Tier III sexual offense. *Id*.

Under SORNA, an individual convicted of a Tier I sexual offense must register as a sex offender for a period of 15 years. 42 Pa.C.S. § 9799.15(a)(1). An individual convicted of a Tier II sexual offense must register as a sex offender for a period of 25 years. 42 Pa.C.S. § 9799.15(a)(2). A Tier III offender must register as a sex offender for life. 42 Pa.C.S. § 9799.15(a)(3). In addition, SORNA defines a Tier III offense as "[t]wo or more convictions of offenses listed as Tier I or Tier II sexual offenses." 42 Pa.C.S. § 9799.14(d)(16).

Instantly, Appellant's convictions under 18 Pa.C.S. § 6312(d) would be designated as Tier I sexual offenses, which subject a defendant to a fifteen-year registration period. 42 Pa.C.S. §§ 9799.14-9799.15. However, due to Appellant's multiple convictions of Tier I offenses, Appellant was informed that he is subject to lifetime registration as a Tier III offender.

registration requirement under the version of Megan's Law in place at the time the plea was entered.

While Hainesworth was on probation, SORNA was due to become effective. Under SORNA, Hainesworth's charges of indecent assault would be categorized as a Tier-II sexual offense conviction, and would require a fifteen-year registration. Hainesworth filed a motion seeking to terminate supervision one week prior to the effective date of SORNA. The trial court denied the petition to terminate supervision, but held that application of SORNA's registration requirements to Hainesworth violated due process.

On appeal, this Court, sitting *en banc*, concluded that Hainesworth correctly framed the issue as one of contract law. The dispositive question was "whether registration was a term of the bargain struck by the parties." ***Hainesworth***, 82 A.3d at 448. We examined the record, noting that the terms of the plea agreement included a discussion of the fact that the offenses to which the defendant pled guilty did not require registration and supervision as a sex offender. Ultimately, we held that avoidance of a registration requirement was an essential component of Hainesworth's plea agreement and that he was entitled to the benefit of his bargain.

This Court found the parties "entered into a plea bargain that contained a negotiated term that Hainesworth did not have to register as a sex offender." ***Hainesworth***, 82 A.3d at 450. In support, we relied upon

the Commonwealth's statements at Hainesworth's guilty plea hearing, as follows:

> The trial court and Hainesworth were assured no less than twice by the Commonwealth that the plea did not obligate Hainesworth to register as a sex offender. Moreover, these statements were made as part of the Commonwealth's recitation of the terms of the plea agreement, which were laid out carefully on the record. It is unambiguous from the record that both parties to this appeal, and the trial court, understood that a registration requirement was not included as a term of Hainesworth's plea agreement.

*Id*. at 448. We also opined that "the plea agreement appear[ed] to have been precisely structured so that Hainesworth would not be subjected to a registration requirement." *Id*. The Commonwealth charged Hainesworth with ten counts, but withdrew the counts that would have required Megan's Law registration. Therefore, we concluded that non-registration as a sex offender was a term of the plea bargain and found the trial court correctly required specific enforcement of that bargain. *Id*. at 448, 450.

Instantly, our review of the certified record before us reflects there is no evidence that a ten-year registration period was a negotiated term of Appellant's plea agreement.[3] The record reveals that, in two separate cases,

_____

[3]  We note that the certified record in this matter does not contain any transcripts of the various hearings held before the Court of Common Pleas. Thus, we are left to review the written documents prepared at the time of Appellant's guilty plea and sentencing, which are contained within the certified record. We further observe that the Superior Court Prothonotary contacted the Court of Common Pleas of Delaware County in an effort to

*(Footnote Continued Next Page)*

Appellant was charged with two counts of possession of child pornography and with fifty counts of possession of child pornography. At the time of Appellant's guilty plea, these crimes required a ten-year registration term. Under Appellant's plea agreement, the charges were reduced to one count of possession of child pornography and five counts of possession of child pornography, respectively. However, unlike the facts in **Hainesworth**, the reduction in the number of counts had no effect upon the applicable registration period. Accordingly, the parties did not structure the guilty plea to avoid a longer registration requirement. Hence, the record does not indicate that Appellant received any benefit to his registration requirement by entering into the negotiated plea agreement. Therefore, unlike the facts in **Hainesworth**, there is no evidence that Appellant bargained for a ten-year registration term. Although the standard written guilty plea colloquy form indicated that the then applicable version of Megan's Law required Appellant to register for a ten-year term, there is no indication in the record to establish that this period of registration was an actual term of the plea agreement. Appellant's contrary claim is unsupported by the certified record, and we conclude Appellant's first issue lacks merit. Thus, Appellant must comply with the SORNA amendments and register for his lifetime. **See**

**Commonwealth v. Benner**, 853 A.2d 1068, 1071-1072 (Pa. Super. 2004)

*(Footnote Continued)* ————————

ascertain whether any transcripts were inadvertently omitted from the certified record and discovered that none were missing.

- 9 -

(where record at guilty plea and sentencing was silent as to whether defendant was required to register under Megan's Law, post-sentence amendment requiring lifetime registration applied to defendant, even though version of Megan's Law in effect at sentencing only required registration for ten years); *Commonwealth v. Miller*, 787 A.2d 1036 (Pa. Super. 2001) (requiring registration where offense and conviction occurred prior to Megan Law's effective date). *See also Commonwealth v. Fleming*, 801 A.2d 1234, 1241 (Pa. Super. 2002) (holding defendant, who pled guilty after effective date of Megan's Law II, was subject to Megan's Law II lifetime sex offender registration requirements rather than ten-year registration requirement under Megan's Law I, even though acts underlying his conviction occurred prior to effective date of Megan's Law II).

In his second issue, Appellant argues that the trial court erred in failing to grant his petition for *habeas corpus*, alleging that the facts of his multiple convictions do not support an application of SORNA. Appellant's Brief at 26-29. In essence, Appellant claims that his seven convictions of child pornography were part of one single criminal episode or course of conduct because the child images were possessed on a single computer, and therefore, he should only be required to register for ten years. We disagree.

In *Commonwealth v. Merolla*, 909 A.2d 337 (Pa. Super. 2006), we held that where the defendant pled *nolo contendere* to two separate counts of indecent assault at the same plea hearing, he had two convictions of that

- 10 -

offense for purposes of the Megan's Law registration requirements. In *Merolla*, we distinguished the Pennsylvania Supreme Court's decision in *Commonwealth v. Shiffler*, 879 A.2d 185 (Pa. 2005), which considered the mandatory minimum sentence requirement of the Three Strikes Statute, noting that both the language and purpose of the two laws are different:

> [T]he Three Strikes Statute applies "[w]here the person had at the time of the commission of the current offense previously been convicted of two or more such crimes . . ." 42 Pa.C.S.A. § 9714(a)(2) (emphasis added). Thus, the language of Megan's Law II is distinguishable from the language of the Three Strikes Statute as Megan's Law II does not require a previous conviction. Moreover, the legislative intent behind Megan's Law II is distinct from that of the Three Strikes Statute. Whereas Megan's Law II is based on concern for public safety, the Three Strikes Statute, although it also implicates public safety, is directed to heightening punishment for criminals who have failed to benefit from the effects of penal discipl[ine] . . . .

*Merolla*, 909 A.2d at 346-347 (citations omitted). The Court in *Merolla* went on to explain the following:

> The sequence of events described in *Shiffler* -- first offense, first conviction, first sentencing, second offense, second conviction, second sentencing -- does not apply to Megan's Law II based on a literal reading of the statute. Thus, it is irrelevant that Merolla had not been sentenced for his first offense before the commission of his second crime.

*Id*. at 347 (citations omitted).

However, as of this date, our Supreme Court has not issued a definitive decision on this subject. Rather, several years ago, our Supreme Court, with only six justices participating, was deadlocked on a similar

question. *Commonwealth v. Gehris*, 54 A.3d 862 (Pa. 2012). The *Gehris*

Court summarized the facts of that case as follows:

> [Gehris] repeatedly engaged in communications of an explicit sexual nature regarding an individual whom he believed to be a 13–year–old girl. In these conversations, he graphically detailed his fantasies of having sexual encounters with a young girl, solicited nude pictures of the person he thought was the 13–year–old girl, mailed a digital camera with a picture of his penis loaded therein to the person he thought was the 13–year–old girl, methodically arranged a meeting with the person he believed to be the 13–year–old girl at a motel room over 200 miles away from his home, and drove continuously for an entire day specifically to have sex in the motel room with both the person he thought was the 13–year–old girl, and the person whom he believed to be her 19–year–old friend.

*Id*. at 862 (opinion in support of affirmance).

Gehris pled guilty to criminal solicitation for the sexual exploitation of children in violation of 18 Pa.C.S. §§ 902(a) and 6320 for soliciting the state officer whom he believed to be a 19-year-old to procure the 13-year-old for sexual exploitation; criminal solicitation for the sexual abuse of children in violation of 18 Pa.C.S. §§ 902(a) and 6312 for soliciting the state officer whom he believed to be a 19-year-old to obtain nude photographs of the 13-year-old; criminal solicitation for the corruption of a minor in violation of 18 Pa.C.S. §§ 902(a) and 6301(a) for soliciting the state officer whom he believed to be a 19-year-old to obtain a 13-year-old for sexual activity; and criminal attempt of the corruption of a minor in violation of 18 Pa.C.S. §§ 901 and 6301(a), for driving to the motel to engage in the planned sexual activity. Because Gehris was guilty of both the criminal solicitation

for the sexual exploitation of children and criminal solicitation for the sexual abuse of children, the trial court found that he was subject to the lifetime registration requirement in Megan's Law II.[4]

In the opinion in support of affirmance, Justice Todd, joined by Justice Eakin and former Justice McCaffery, concluded that Gehris, who stood convicted of more than one Tier-I offense, was required under the plain language of section 9795.1(b) to register as a lifetime sex offender. *Gehris*, 54 A.3d at 866. Conversely, in the opinion in support of reversal, former Chief Justice Castille, joined by Justices Saylor and Baer, reasoned that a "defendant convicted of 'two or more' [Tier-I] offenses [is] subject to the lesser sanction of the ten-year registration requirement so long as it is clear that the offenses were part of the same course of criminal conduct." *Id*. at 879. However, because *Gehris* resulted in a split decision, it lacks precedential authority. *See Commonwealth v. Covil*, 378 A.2d 841, 844 (Pa. 1977) (opinion of affirmance of equally divided court has no precedential value).

As previously mentioned, as of this date, our Supreme Court has not

---

[4] Former section 9795.1(a) of Megan's Law II prescribed that an individual convicted of a Tier-I sexual offense must register as a sex offender for a period of ten years. Each of the offenses to which Gehris pled guilty was a Tier-I offense. However, former section 9795.1(b) provided that "an individual with two or more convictions of any of the offenses set forth in subsection (a)," *i.e.*, two or more Tier-I offenses, was subject to lifetime registration.

issued a binding decision on this question.[5] Therefore, our own precedent in **Merolla** remains binding authority on this Court.[6] Under the current state of the law, Appellant's multiple guilty pleas to separate counts of possession of child pornography subjected him to lifetime registration and his claim lacks merit.

In his third issue, Appellant challenges SORNA's constitutionality under the *ex post facto* clauses of the Pennsylvania and United States Constitutions. This Court recently held that "the new registration regime pursuant to SORNA is constitutional under the Federal and State *Ex Post Facto* Clauses." **Commonwealth v. Perez**, 97 A.3d 747, 760 (Pa. Super. 2014). Accordingly, Appellant's final issue does not entitle him to relief for the reasons stated in **Perez**. **See id**. at 759-760 (holding that the balancing

---

[5] The Pennsylvania Commonwealth Court, in **A.S. v. Pennsylvania State Police**, 87 A.3d 914 (Pa. Cmwlth. 2014), reviewed a similar issue and reached a different conclusion. In **A.S.**, a 21-year-old adult male pled guilty to two sexual offenses relating to a 16-year-old minor arising from a single criminal episode. **Id**. at 921-922. Ultimately, the Commonwealth Court held that the Tier-I fifteen-year registration requirement applied to A.S., agreeing with the opinion in support of reversal in **Gehris**. However, we decline to follow **A.S.**, because Commonwealth Court decisions are not binding on this Court. **Commonwealth v. Rodriguez**, 81 A.3d 103, 107 n.7 (Pa. Super. 2013). Rather, we are bound by our decision in **Merolla**. Moreover, we observe that a direct appeal has been filed with our Supreme Court in **A.S.**, 24 MAP 2014, and a decision is pending.

[6] Indeed, we must follow the decisional law established by our own Court. **Commonwealth v. Santiago**, 980 A.2d 659, 666 n.6 (Pa. Super. 2009). Unless or until **Merolla** is overturned by an *en banc* panel of this Court or by a decision of the Pennsylvania Supreme Court, it continues to be viable precedent. **Id**.

of the seven factors provided in **_Kennedy v. Mendoza–Martinez_**, 372 U.S. 144 (1963), does not show that the provisions of SORNA are sufficiently punitive to overcome the General Assembly's categorization of them as nonpunitive). Therefore, Appellant's final claim lacks merit.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/1/2015