J-A18041-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CHARLES THOMAS REISSER, JR., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| LOUIS S. FOLINO, | : | |
| | : | |
| Appellee | : | No. 1780 MDA 2014 |

Appeal from the Order entered on September 26, 2014
in the Court of Common Pleas of Luzerne County,
Civil Division, No. 2014-01776

BEFORE: FORD ELLIOTT, P.J.E., STABILE and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED JULY 28, 2015**

Charles Thomas Reisser, Jr., ("Reisser") appeals, *pro se*, from the Order dismissing his Petition for writ of *habeas corpus ad subjiciendum*. We affirm.

On April 5, 2011, Reisser pled guilty to one count of sexual assault and two counts of indecent assault. On November 9, 2011, the trial court imposed an aggregate sentence of 60 to 120 months in prison, followed by 7 years of probation. Subsequently, Reisser filed a Post Conviction Relief Act ("PCRA") Petition, which was dismissed as untimely on August 22, 2013. On September 13, 2013, Reisser filed a Petition for writ of *habeas corpus ad subjiciendum*. The Petition was treated as a PCRA Petition, and dismissed as untimely. Reisser filed a timely Notice of Appeal.

On appeal, Reisser raises the following questions for our review:

> I. Whether the [PCRA court] erred in treating [Reisser's] [Petition for] writ of *habeas corpus ad subjiciendum* as a PCRA petition?
>
> II. Whether the [PCRA court] erred in denying [Reisser's] writ of *habeas corpus* as a PCRA petition?
>
> III. Whether the cumulative facts and errors of the [PCRA court] violate [Reisser's] due process rights?

Brief for Appellant at 1.[1]

Reisser argues that the PCRA court abused its discretion and violated his due process rights when it treated his Petition for writ of *habeas corpus ad subjiciendum* as a PCRA Petition. ***Id***. at 3-5. Reisser asserts that he has been incarcerated for over three years without a written judgment of sentencing order. ***Id***. at 3. Reisser also argues that the PCRA court violated his due process rights when it denied his Petition without a hearing. ***Id***. at 4, 5.

Preliminarily, we note that the PCRA court erred in treating the Petition for *writ of habeas corpus ad subjiciendum* as a PCRA Petition. Indeed, "a claim that a defendant's sentence is illegal due to the inability of the [Pennsylvania Department of Corrections ("DOC")] to produce a written sentencing order related to his judgment of sentence constitutes a claim legitimately sounding in *habeas corpus*." ***Joseph v. Glunt***, 96 A.3d 365, 368 (Pa. Super. 2014) (citations omitted). Despite this error, Reisser is not entitled to relief.

---

[1] We will address Reisser's arguments together.

"Our standard of review of a court's order denying a petition for writ of *habeas corpus* is limited to abuse of discretion. Thus, we may reverse the court's order where the court has misapplied the law or exercised its discretion in a manner lacking reason." ***Rivera v. Pa. Dep't of Corr.***, 837 A.2d 525, 528 (Pa. Super. 2003) (citations and quotations omitted).

Section 9764 of the Sentencing Code states, in relevant part, that:

Upon commitment of an inmate to the custody of the Department of Corrections, the sheriff or transporting official shall provide to the institution's records officer or duty officer, in addition to a copy of the court commitment form DC-300B generated from the Common Pleas Criminal Court Case Management System of the unified judicial system...(a)(8) A copy of the sentencing order and any detainers filed against the inmate which the county has notice.

42 Pa.C.S.A. § 9764(a)(8) (citations omitted).

A sentencing order is not required to detain Reisser. ***See Glunt***, 96 A.3d at 370 (holding that there is no mandatory requirement that the DOC maintain or produce a sentencing order under 42 Pa.C.S.A. § 9764 upon the request of a prisoner). Further, subsection 9764(a)(8) does not create any remedy or cause of action for a prisoner based on the failure to provide a sentencing order. ***Id***. Thus, Reisser's claims are without merit.[2] ***See Commonwealth v. Miller***, 787 A.2d 1036, 1038 (Pa. Super. 2001) (stating that this Court may affirm the trial court's decision through different reasoning than that used by the trial court).

---

[2] Based on our conclusion, Reisser's claim regarding an evidentiary hearing is without merit.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/28/2015