J-S19010-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BILLY RAY GORDON | : | |
| | : | |
| Appellant | : | No. 77 WDA 2021 |

Appeal from the PCRA Order Entered December 10, 2020
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003070-2016

BEFORE:   DUBOW, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED: JULY 14, 2021**

Appellant, Billy Ray Gordon, appeals from the December 10, 2020 Order entered in the Erie County Court of Common Pleas dismissing as meritless his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  After careful review, we affirm.

The relevant facts and procedural history are as follows.  On August 3, 2016, police arrested Appellant in connection with the July 22, 2016 stabbing death of his wife.  The trial court appointed Mark T. Del Duca, Esquire ("Trial Counsel") to represent Appellant.

Prior to the commencement of trial, a prospective member of Appellant's jury, Juror 26, indicated on her juror questionnaire that "while waiting in the jury room, something happened."  During the subsequent *voir dire*, Juror 26

---

[*] Retired Senior Judge assigned to the Superior Court.

informed the court that she had overheard a woman from outside of Appellant's jury pool state to other people also outside of Appellant's jury pool that Appellant had, years earlier, murdered that prospective juror's father.[1] With the agreement of counsel, the court excused Juror 26 from the jury pool for cause. Each member of Appellant's jury pool completed the same juror questionnaire, and no other prospective jurors reported hearing the comment.

Following a four-day trial, at which the Commonwealth introduced, *inter alia*, "substantial DNA evidence against" Appellant,[2] on March 30, 2017, a jury convicted Appellant of one count each of First-Degree Murder, Aggravated Assault, Recklessly Endangering Another Person ("REAP"), Possession of Instruments of Crime ("PIC"), Abuse of Corpse, and Tampering With or Fabricating Physical Evidence.[3] On May 25, 2017, the trial court sentenced Appellant to life imprisonment without the possibility of parole. Appellant did not file a Post-Sentence Motion.

Appellant filed an appeal to this Court challenging the sufficiency of the Commonwealth's evidence in support of his convictions, and, on July 12, 2018, we affirmed Appellant's Judgment of Sentence. ***Commonwealth v. Gordon***, 194 A.3d 665 (Pa. Super. 2018) (unpublished memorandum). Appellant did not seek further review of his Judgment of Sentence.

---

[1] Appellant was found not guilty of this 1978 murder by reason of self-defense.

[2] PCRA Ct. Op., 2/3/21, at 10.

[3] 18 Pa.C.S. §§ 2502(a), 2702(a)(1), 2705, 907(a), 5510, and 4910(1), respectively.

On January 2, 2019, Appellant *pro se* filed the instant PCRA Petition, asserting that: (1) he had been denied his constitutional right to an impartial jury; (2) that Trial Counsel had been ineffective for not requesting a mistrial; and (3) the Commonwealth had committed prosecutorial misconduct. Petition, 1/2/19, at 2, supplemental 1-2.

On January 8, 2019, the PCRA court appointed William J. Hathaway, Esquire, to represent Appellant. On March 20, 2019, Attorney Hathaway filed a Supplemental PCRA Petition, which included additional allegations of prosecutorial misconduct. On April 22, 2019, the Commonwealth filed a response to Appellant's PCRA Petition.

On August 19, 2019, the PCRA court held a hearing on Appellant's Petition, following which Appellant filed a *pro se* Motion for Change of Appointed Counsel. The PCRA court granted Appellant's request and appointed Tyler A. Lindquist, Esquire, to represent Appellant. On February 11, 2020, Attorney Lindquist filed an Amended PCRA Petition, raising two claims: (1) that Appellant's right to an impartial jury was violated; and (2) Trial Counsel's ineffectiveness for failing to request a mistrial due to an allegedly tainted jury pool. Amended PCRA Petition, 2/11/20.

On November 9, 2020, Attorney Lindquist filed a Brief in Support of Petitioner's PCRA Petition.[4] In the Brief, Appellant asserted Trial Counsel was

---

[4] Attorney Lindquist did not request a second evidentiary hearing, but instead requested, and the court granted, permission to file a Brief in Support of Appellant's Amended PCRA Petition.

ineffective by: (1) failing to request that the court dismiss the jury pool or for a mistrial and (2) failing to request DNA evidence. Brief, 11/9/20. On December 10, 2020, the PCRA court dismissed Appellant's Petition.

This appeal followed. Both Appellant and the PCRA court complied with Pa.R.A. 1925.

Appellant raises the following two issues on appeal:

1. Did the PCRA court err in finding that Appellant was not deprived of a fair trial and effective counsel when trial counsel failed to move for a mistrial despite a potentially tainted jury pool?

2. Did the PCRA court err in finding that Appellant was not deprived of a fair trial and effective counsel when trial counsel failed to demand discovery of possible DNA evidence from two crack pipes that were found at the site of where the victim's body was found?

Appellant's Brief at 6 (unpaginated).

**Standard of Review**

We review an order granting or denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. *Commonwealth v. Jarosz*, 152 A.3d 344, 350 (Pa. Super. 2016) (citing *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014)). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." *Commonwealth v. Koehler*, 36 A.3d 121, 131 (Pa. 2012). We will not disturb the findings of the PCRA court unless

- 4 -

there is no support for those findings in the record. ***Commonwealth v. Wah***, 42 A.3d 335, 338 (Pa. Super. 2012).

**<u>Ineffective Assistance of Counsel</u>**

Appellant's claims challenge the effectiveness of Trial Counsel. A PCRA petitioner who alleges ineffective assistance of counsel "will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the '[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.'" ***Commonwealth v. Johnson***, 966 A.2d 523, 532 (Pa. 2009) (quoting 42 Pa.C.S. § 9543(a)(2)(ii)).

We presume counsel is effective. ***Commonwealth v. Cox***, 983 A.2d 666, 678 (Pa. 2009). To overcome this presumption, a petitioner must establish that: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable basis for his act or omission; and (3) petitioner suffered actual prejudice. ***Commonwealth v. Treiber***, 121 A.3d 435, 445 (Pa. 2015). A court will deny the claim if the petitioner fails to meet any one of these prongs. ***Jarosz***, 152 A.3d at 350.

It is axiomatic that "trial counsel can never be found ineffective for failing to raise a meritless claim." ***Commonwealth v. Fetter***, 770 A.2d 762, 770 (Pa. Super. 2001) (citation omitted).

In addition, counsel has broad discretion to determine tactics and strategy. ***Commonwealth v. Fowler***, 670 A.2d 15 3, 155 (Pa. Super. 1996).

To prove that counsel lacked a reasonable basis for his strategic decision, a petitioner must prove that counsel's act or omission was so unreasonable that "no competent lawyer would have chosen that course of conduct." *Commonwealth v. Rega*, 933 A.2d 997, 1019 (Pa. 2007) (citation omitted).

In order to establish prejudice, a petitioner must demonstrate "that there is a reasonable probability that, but for counsel's error or omission, the result of the proceeding would have been different." *Koehler*, 36 A.3d at 132 (citation omitted).

### Issue 1

In his first issue, Appellant asserts that Trial Counsel was ineffective for failing to request a mistrial or seek dismissal of the jury pool after the court excused Juror 26 for cause. Appellant's Brief at 12-17 (unpaginated). He argues that Appellant may have been prejudiced by the disclosure by a prospective juror from a jury pool other than Appellant's that Appellant had previously murdered that juror's father. *Id.* at 16. He speculates that, because the "salacious" comment was made in a "crowded jury room" potential jurors other than just Juror 26 would have heard the comment and discussed it among themselves, thereby rendering them unable to be fair and impartial. *Id.* at 16-18.

Trial Counsel testified that he did not request a mistrial or dismissal of the jury pool because he believed that, from Appellant's jury pool, only Juror 26 heard the other prospective juror's comment. N.T. Hearing, 8/19/19, at 11. Trial Counsel specifically recalled Juror 26 informing the court that "there

were three, four, or maybe five people together, none of whom were on our panel. She was the only one that heard the comment." ***Id. See also id.*** at 12-13. Trial Counsel also testified that he recalled that the court added additional questions to the potential jurors' *voir dire* to ascertain whether any of those jurors had heard anything about the case that might impact their impartiality, and none had. ***Id.*** at 13-14. Trial Counsel concluded, therefore, that no further protective measures were required and no other jurors "needed to be released because no one else had really – and I'll use the expression, nobody else had eaten of the poisonous fruit at that point." ***Id.*** at 12, 14.

The PCRA court credited Trial Counsel's testimony that he had a reasonable strategic basis for not requesting that it dismiss the jury pool.[5] PCRA Ct. Op., 2/3/21, at 7-8. The court also opined that Appellant's bald

---

[5] With respect to Appellant's assertion that Trial Counsel was ineffective for not requesting a mistrial, the PCRA court concluded, based on its interpretation of Pa.R.Crim.P. 605 that, because the Rule permits a court to grant a mistrial only if the alleged prejudicial event occurred during the trial itself, and the alleged prejudicial event in the instant case occurred prior to the commencement of trial, *i.e.*, during the jury empanelment process, Appellant would not have been entitled to a mistrial. PCRA Ct. Op. at 6 n.6. The PCRA court implied, therefore, that Trial Counsel could not have been ineffective for declining to raise a meritless claim. We disagree with the PCRA court's interpretation of Rule 605. ***See***, ***e.g.***, ***Commonwealth v. Penn***, 439 A.2d 1154, 1160-61 (Pa. 1982) (addressing the defendant's claim that the trial court erred in denying his motion for mistrial arising from events that occurred during jury selection); ***Commonwealth v. Frazier***, 410 A.2d 826, 831 (Pa. Super. 1979) (same). Nevertheless, we conclude that the record supports the court's determination that this claim lacks merit. ***See Commonwealth v. Miller***, 787 A.2d 1036, 1038 (Pa. Super. 2001) (reiterating that "if a trial court's decision is correct, we may affirm on any ground.").

speculation that another juror may have overheard the comment reported by Juror 26 was insufficient to establish a reasonable probability that Appellant suffered prejudice. *Id.* The record supports the PCRA court's determination. Thus, this claim does not garner Appellant relief.

**Issue 2**

In his second issue, Appellant asserts that the PCRA court erred in finding that Trial Counsel was not ineffective for failing to request DNA testing on two crack pipes found near the victim's body. Appellant's Brief at 18-20. Appellant claims that if DNA collected from the crack pipes did not match his DNA, "it could have possibly identified someone that was at the exact location of where the victim's body was found." *Id.* at 19. He argues that a DNA non-match would have been exculpatory evidence in his trial. *Id.* at 19-20. He concludes, therefore, that Trial Counsel was ineffective for not request that experts perform DNA testing and for not filing a Motion to Compel. *Id.* at 19.

With respect to this issue, Trial Counsel testified that he declined to pursue DNA testing of the crack pipes for two reasons. First, Trial Counsel testified that he did not want to take the risk that DNA testing would reveal the presence of Appellant's DNA on the crack pipes, and thereby place Appellant at the scene where the victim's body was found, as it was "not good" for Appellant. N.T. Hearing at 15. Second, Trial Counsel testified that he did not believe a negative DNA match was "germane []to the issue as to whether or not [Appellant] committed this homicide." *Id.* at 16. In sum, "if it came back positive, we'd have problems; if it was negative, okay, great, but I don't

see how that would not indicate either way if he committed the crime as well."

*Id.*

The PCRA court, relying on Trial Counsel's credible testimony that counsel had a reasonable strategic basis for not seeking DNA testing of the crack pipes, concluded that this issue lacks merit. PCRA Ct. Op. at 9-10. Our review of the Notes of Testimony supports this conclusion. Appellant has not, therefore, demonstrated that counsel's strategy was so unreasonable that "no competent lawyer would have chosen" it. *Rega*, 933 A.2d at 1019.

Moreover, the PCRA court also aptly observed that Appellant failed to prove that counsel's decision not to seek DNA testing prejudiced Appellant. The court found that Appellant did not prove that DNA analysis of the crack pipes would have any potential to exonerate him because, even if the DNA analysis did not reveal the presence of Appellant's DNA, at best it would only demonstrate that Appellant did not use the crack pipes; it would not prove that he did not murder the victim. PCRA Ct. Op., at 9. Given that the Commonwealth introduced "substantial DNA evidence" against Appellant, the PCRA court opined that it was "very unlikely any DNA evidence from the crack pipes in [Appellant's] favor would outweigh the Commonwealth's DNA evidence against him. *Id.* at 9-10. We find no legal error or abuse of discretion in the PCRA court's conclusion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  7/14/2021