J-S26019-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BERANOBEL VALERIO | |
| Appellant | No. 1275 MDA 2014 |

Appeal from the PCRA Order of June 26, 2014
In the Court of Common Pleas of Berks County
Criminal Division at No.: CP-06-CR-0002864-2005

BEFORE:  OTT, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY WECHT, J.:                    **FILED SEPTEMBER 01, 2015**

Beranobel Valerio appeals the June 26, 2014 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541, *et seq*.  The PCRA court dismissed Valerio's petition upon the basis that the court lacked jurisdiction because the petition was untimely filed. Before this Court, retained counsel for Valerio, George Gonzalez, Esq., who also represented Valerio before the PCRA court, has filed a brief reviewing Valerio's underlying claim that his trial counsel was ineffective for failing to advise (or incorrectly advising) him of the effect that a conviction would have upon Valerio's immigration status.  Attorney Gonzalez also has filed a petition to withdraw as counsel.  Notably, Attorney Gonzalez averredly proceeds according to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*),

opining that Valerio's sole claim on appeal lacks merit. In point of fact,

*Turner* and *Finley* apply only in the context of court-appointed counsel.

However, our own earlier order in this case mistakenly indicated otherwise.

Consequently, we analyze this case pursuant to the *Turner*/*Finley*

procedure. After careful review, we affirm.

The PCRA court provided the following account of this case's

procedural background:

> On September 2, 2005, a jury found [Valerio] guilty of one (1) count of Possession of a Controlled Substance,[2] one (1) count of Possession with Intent to Deliver ("PWID") a Controlled Substance,[3] one (1) count of Delivery of a Controlled Substance,[4] and three (3) counts of Conspiracy[5] to commit those crimes. The Honorable Judge Forrest Schaeffer sentenced [Valerio], on October 6, 2005, to serve no less than one (1) to no more than two (2) years on the Delivery count. [Valerio] was also ordered to serve a *consecutive* one (1) to two (2) year sentence on the Conspiracy to Commit Delivery count. [Valerio] was represented at trial and sentencing by Stanley Silver, Esquire. No post-sentence motion or appeal was filed.

> _____

> [2] 35 P.S. § 780-113(a)(16).

> [3] 35 P.S. § 780-113(a)(30).

> [4] 35 P.S. § 780-113(a)(30).

> [5] 18 Pa.C.S. § 903(a).

> [Valerio] filed his first *pro se* PCRA petition (hereinafter "2006 PCRA petition") on July 7, 2006. Judge Schaeffer appointed Gail Chiodo, Esquire, on July 25, 2006, to represent [Valerio] in the disposition of his PCRA petition. Attorney Chiodo filed a "No Merit" Letter pursuant to *Turner* and *Finley* on October 26, 2006, requesting leave to withdraw as counsel and expressing that, in her professional judgment, [Valerio's] PCRA petition was meritless. Attorney Chiodo was granted leave to withdraw as PCRA counsel on December 5, 2006, and [Valerio] was given

NOTICE on January 4, 2007, that the [PCRA court] intended to dismiss his PCRA petition without a hearing. [Valerio's] PCRA petition was dismissed on April 4, 2007. [Valerio] did not appeal from the [PCRA court's] dismissal.

On October 29, 2013, [Valerio], through George Gonzalez, Esquire, filed his present petition, titled NUNC-PRO TUNC PETITION FOR POST CONVICTION RELIEF PURSUANT TO 42 Pa.C.S.A. §§ 9541, *et seq.*, and/or PETITION FOR NUNC-PRO TUNC APPEAL AS TO DENIAL OF PETITION FOR POST CONVICTION RELIEF or in the alternative HABEAS CORPUS RELIEF (hereinafter "2013 PCRA petition"). . . . [The PCRA court] ordered the Commonwealth on December 31, 2013, to file a response to [Valerio's] 2013 PCRA petition, which was timely filed on February 25, 2014.

PCRA Court Order and Notice of Intent to Dismiss, 5/13/2014, at 3-4 (citations modified; emphasis in original).

In the explanation attending its Rule 907 opinion, the PCRA court addressed Valerio's ineffective assistance of counsel argument and determined that it lacked jurisdiction over Valerio's petition. On June 23, 2014, Attorney Gonzalez filed a detailed response to the PCRA court's Rule 907 notice. On June 26, 2014, the PCRA court entered an order dismissing Valerio's petition.

Valerio filed a timely notice of appeal on July 28, 2014.[1] On July 29, 2014, the PCRA court entered an order pursuant to Pa.R.A.P. 1925(b) directing Valerio to file a concise statement of the errors complained of on

_____

[1] The 30-day deadline fell on Saturday, July 26, 2014. Consequently, Valerio was not required to file his notice of appeal until Monday, July 28, 2014.

- 3 -

appeal. Valerio timely complied. On August 25, 2014, the PCRA court filed a statement pursuant to Pa.R.A.P. 1925(a), in which it indicated that its May 13, 2014 opinion fully responded to the issues raised by Valerio.

Notably, throughout the PCRA proceedings below, Attorney Gonzalez sought relief on the merits, maintaining that the principles set forth in **Padilla v. Kentucky**, 559 U.S. 356 (2010), required relief under the circumstances *sub judice*. However, in the time between the PCRA court's disposition and briefing in the instant appeal, this Court issued its *en banc* decision in **Commonwealth v. Descardes**, 101 A.3d 105 (Pa. Super. 2014), wherein we resolved essentially the same issue that Valerio presented to the PCRA court in this case and ruled against the defendant-appellant.[2]

Recognizing the import of **Descardes**, Attorney Gonzalez transmitted correspondence to Valerio and/or Valerio's wife on several occasions during the pendency of this appeal, explaining his skepticism that Valerio's **Padilla** argument would be viable in light of **Descardes**. During that correspondence, Valerio's wife evidently asked Attorney Gonzalez to recommend other attorneys in an effort to retain one who assessed Valerio's case more favorably. Shortly thereafter, Attorney Gonzalez avers, Valerio

---

[2] Our decision in **Descardes** issued on September 23, 2014, approximately two months after Valerio filed his notice of appeal, over a month after Valerio filed his Rule 1925(b) concise statement, and just under one month after the trial court issued its Rule 1925(a) opinion.

and his wife stopped communicating with him. **See generally** Petition to Withdraw as Counsel, 12/30/2014, at 5-6 (unnumbered).

In the meantime, Attorney Gonzalez had requested and received an extension of Valerio's briefing deadline in this Court, seeking time to communicate with Valerio and his wife so that the situation could be sorted out. After receiving no further communication, and five days **after** this Court's extended deadline, Attorney Gonzalez simultaneously filed a brief, in which he reviewed the **Padilla** issue and opined that it lacked merit, and filed a petition to withdraw from his representation of Valerio.[3]

Attorney Gonzalez's presentation to this Court, in both the brief and in his petition, resembled the method prescribed by **Turner** and **Finley**, *supra*, and their progeny, which detail how a court-appointed attorney honors his or her obligation in a case where he or she detects no meritorious issue to raise on appeal. Indeed, Attorney Gonzalez invoked those cases in his petition to withdraw. **See** Petition to Withdraw as Counsel, 12/30/2014, at 2, 6; **cf.** Brief for Valerio at 20-21 (concluding, after reviewing **Padilla** and **Descardes** at length, that Gonzalez could discern "no non[-]frivolous

_____

[3]    We typically decline to penalize *de minimis* tardiness in the submission of briefs when the opposing party does not file a motion to dismiss on that basis pursuant to Pa.R.A.P. 2188. **See, e.g, Commonwealth v. Miller**, 787 A.2d 1036, 1038 n.5 (Pa. Super. 2001) (rejecting the Commonwealth's suggestion that the appeal be dismissed because brief was untimely because the Commonwealth did not formally move for dismissal). Here, the Commonwealth did not seek dismissal. Accordingly, we treat Valerio's brief as timely filed.

argument for finding that [Valerio] is entitled to any relief that he seeks to overturn his conviction . . . due to faulty advice he received from his then trial counsel").

Taking this invocation at face value, and treating his submissions accordingly, this Court determined that Attorney Gonzalez had not fully complied with the **Turner**/**Finley** procedure spelled out in **Commonwealth v. Friend**, 896 A.2d 607 (Pa. Super. 2006). Specifically, we found a defect in counsel's failure to document that he had informed Valerio of his right to proceed *pro se* or retain another attorney, as required by **Friend**. **See Commonwealth v. Freeland**, 106 A.3d 768, 774-75 (Pa. Super. 2014).[4] Consequently, we entered an order directing Attorney Gonzalez to furnish Valerio with the required notice and to submit a copy of the compliant correspondence with this Court. Attorney Gonzalez timely submitted to this Court a letter that purported to satisfy the **Friend** requirements and the terms of our order.

Unfortunately, this series of events reflected and engendered a critical misunderstanding regarding the applicable standard. And while Attorney Gonzalez initiated the problems by citing **Turner** and **Finley** before this

---

[4] **Friend** was abrogated on other grounds by **Commonwealth v. Pitts**, 981 A.2d 875 (Pa. 2009). However, the core notification requirements were undisturbed by **Pitts**, as recognized by this Court in **Commonwealth v. Widgins**, 29 A.3d 816, 818 (Pa. Super. 2011). **See also Freeland**, 106 A.3d at 774-75.

Court, our error in taking Attorney Gonzalez's representation at face value exacerbated the confusion. Although we failed to observe the distinction in our interactions with Attorney Gonzalez, the law is clear that **Turner**/**Finley** practice is available only to court-appointed counsel, not to privately retained attorneys such as Attorney Gonzalez. **See Turner**, 544 A.2d at 928. Nonetheless, it would be inequitable to hold the consequences of our error against Attorney Gonzalez, and more inequitable still to hold them against Valerio, whose right to appeal must be protected in any event.

Further complicating this case, the letter Attorney Gonzalez transmitted to Valerio, as submitted to this Court as proof of compliance, was ambiguous on the most critical point—Valerio's rights under **Turner**/**Finley** when counsel seeks to withdraw. It is clear beyond dispute that the most critical information such a letter must convey concerns the petitioner's rights to retain another attorney to continue his representation or to proceed *pro se*. **See Freeland**, *supra*. Our order utilized the correct terms in directing Attorney Gonzalez to do so. Order, 1/9/2015.

The letter that Attorney Gonzalez sent in response to our order and then submitted for our review reads as follows:

> Enclosed please find a copy of the latest order that I have received from the Superior Court of Pennsylvania as it pertains to the Motion to Withdraw my Appearance that I have filed with said Court as to the representation of your husband. As you can gather, I have been ordered by said Court to advise you that even though I have filed such a motion to withdraw my appearance, you can still proceed with said case either by retaining another attorney to represent your husband as to this matter, or he may choose to proceed on his own, in the event

> said court grants me [*sic*] the motion to withdraw my appearance.

Letter, 1/15/2015.

The problem arises in the final clause of the last sentence. Specifically, that sentence can be read to conclude that Valerio may proceed *pro se* **only** in the event that this Court grants Attorney Gonzalez's petition to withdraw. This is incorrect: Attorney Gonzalez's petition to withdraw, assuming the application of the ***Turner***/***Finley*** standard under the peculiar circumstances of this case, **immediately** triggered Valerio's rights to retain new counsel or proceed *pro se*. To the extent that Attorney Gonzalez's January 15, 2015 letter suggested otherwise, it was misleading, and the fact that it also might be read consistently with the ***Turner***/***Finley*** requirements cannot be cited as a basis for allowing Valerio's rights to be infringed when he might reasonably infer from that letter a critical misstatement of his options. Standing alone, the infirmity in this letter would militate in favor of remanding this case yet again to enable Attorney Gonzalez to transmit a corrective letter to Valerio.

Fortunately, the letter does not stand alone. In the wake of the January 15, 2015 letter, we issued a second order on January 28, 2015. That order provided as follows:

> In light of the fact that [Attorney Gonzalez] has filed a petition to withdraw as counsel pursuant to [***Turner*** and ***Finley***, Valerio] shall be permitted to file a response to counsel's petition to withdraw and no-merit letter, either *pro se* or via privately retained counsel, within thirty (30) days of the date that this Order is filed. [Valerio's] failure to file a *pro se* or counseled

- 8 -

response may be considered as a waiver of his right to present his issues to this Court.

Order, 1/28/2015 (*per curiam*).  This order contains clear and accurate direction regarding Valerio's options in the wake of an attorney's **Turner**/**Finley** letter.  Furthermore, Valerio did not respond in any way.

Because we perceive this to be an adequate corrective and must assume that Valerio received this order, and because, were we to remand, Attorney Gonzalez would presumably simply send yet another letter detailing exactly what we explained in our January 28, 2015 order, we discern no benefit to protracting this case by a remand that would result only in redundant correspondence.  Accordingly, for all the foregoing reasons, we will analyze the case in its present posture pursuant to the **Turner**/**Finley** procedure.

**Turner** and **Finley** require that counsel satisfy the following steps before he will be permitted to withdraw:

> Counsel petitioning to withdraw from PCRA representation must proceed under [**Turner**/**Finley** and] . . . must review the case zealously.  **Turner**/**Finley** counsel must then submit a "no-merit" letter to the [PCRA] court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> Where counsel submits a petition and no-merit letter that satisfy the technical demands of **Turner/Finley**, the court—[PCRA]

court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

***Commonwealth v. Doty***, 48 A.3d 451, 454 (Pa. Super. 2012) (citations omitted).

We find that Attorney Gonzalez has satisfied these criteria. His brief before this Court manifests a diligent review of the case; it identifies the ***Padilla*** issue and discusses it at length, ultimately concluding that ***Descardes*** unequivocally precludes the relief sought; and explicitly requests permission to withdraw. As well, albeit imperfectly and with some prodding and supplementation by this Court, the record indicates that Attorney Gonzalez transmitted to Valerio a copy of the brief, a copy of his petition to withdraw, and an imperfect statement advising Valerio of his rights, the flaws in which plainly were cured in this Court's subsequent order. Accordingly, we may now conduct our own independent review of the record and the issue raised. We find no detriment to Valerio's interests in doing so, because in all particulars the objectives underlying ***Turner*** and ***Finley*** have been satisfied in full.

Citing ***Padilla***, Valerio argues that trial counsel was ineffective for failing to advise him of, or incorrectly advising him regarding, the potential effect upon his immigration status that would befall him as a consequence of his conviction. Because the PCRA court found that it lacked jurisdiction to review Valerio's petition, we begin by reviewing that determination. Our

approach is girded by the fact that Valerio, Attorney Gonzalez, and the PCRA court all appear to have assumed that the petition properly must be evaluated under the PCRA. That assumption by itself is problematic in light of our decision in **Descardes**, *supra*, which resembles this case in most relevant particulars.

In **Descardes**, the petitioner, a Haitian defendant with resident alien status, pleaded guilty to several offenses involving insurance fraud. He was sentenced to one year of probation. Later, he left the country but was denied reentry due to his felony conviction. 101 A.3d at 107.

On December 7, 2009, Descardes filed what he styled a "Petition for Reconsideration and Review of Denial of Petition for Writ of Error *Coram Nobis*," alleging that his guilty plea counsel was ineffective for failing to advise Descardes regarding the immigration consequences of pleading guilty. The trial court treated Descardes' petition as one invoking the PCRA, and denied relief upon the basis that the petition was untimely under the PCRA's requirements and, for that reason, the PCRA court lacked jurisdiction to consider the petition. **Id.**

On March 31, 2010, the United States Supreme Court issued its decision in **Padilla v. Kentucky**, 559 U.S. 356 (2010), wherein the Court held that counsel may be deemed constitutionally ineffective for failing to advise a defendant client that a guilty plea would subject the defendant to automatic deportation. On April 6, 2010, Descardes filed a second petition seeking a writ of *coram nobis*. The PCRA court treated this petition, too, as

one filed under the PCRA and vacated Descardes' judgment of sentence and ordered that Descardes' guilty plea be withdrawn. **Descardes**, 101 A.3d at 107. The Commonwealth appealed.

Sitting *en banc*, this Court concluded first that the trial court erred in treating Descardes' petition as one invoking the PCRA. The PCRA, we emphasized, requires for relief to be granted that a petitioner be "currently serving a sentence of imprisonment, probation or parole for the crime" or "awaiting execution of a sentence of death for the crime" or "serving a sentence which must expire before the person may commence serving the disputed sentence." **Id.** (quoting 42 Pa.C.S. § 9543(a)(1)). Descardes, having satisfied his probationary sentence long before filing his petition, therefore was not eligible for PCRA relief. We further explained as follows:

> The PCRA states that it "shall be the sole means of obtaining collateral relief and encompasses all other common[-]law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*." *42 Pa.C.S. § 9542.* The key consideration is whether the underlying claim is cognizable under the PCRA; if so, a petitioner "may *only* obtain relief under the PCRA." **Commonwealth v. Pagan**, 864 A.2d 1231, 1233 (Pa. Super. 2004) (emphasis in original); **see also Commonwealth v. Turner**, 80 A.3d 754, 767 (Pa. 2013) ("The PCRA provides eligibility for relief for cognizable claims, . . . and is the sole means of obtaining collateral relief in Pennsylvania."); **Commonwealth v. West**, 938 A.2d 1034, 1043 (Pa. 2007) ("[T]he PCRA subsumes all forms of collateral relief . . . to the extent a remedy is available under such enactment." (emphasis omitted)); **Commonwealth v. Peterkin**, 722 A.2d 638, 640 (Pa. 1998) ("The writ [of *habeas corpus*] continues to exist only in cases in which there is no remedy under the PCRA.").

It is rare for a claim to fall outside the ambit of the PCRA. . . . For example, our Supreme Court found that a substantive due process challenge to the validity of recommitting the defendant to prison, after a nine-year delay in which he had mistakenly been free on appeal bond, did not fall within the ambit of the PCRA. *See West*, *supra*. The Supreme Court also has held that an allegation that Canada violated the petitioner's rights under the International Covenant for Civil and Political Rights was not a cognizable PCRA claim. *See Commonwealth v. Judge*, 916 A.2d 511 (Pa. 2007).

In turning to Descardes'[] claim, it is, in broad terms, one of ineffective assistance of plea counsel, a claim that is explicitly within the purview of the PCRA. *See* 42 Pa.C.S. § 9543(a)(2)(ii). Descardes'[] exact claim, however, is predicated upon the Supreme Court's holding in *Padilla*—that the Sixth Amendment requires defense counsel to advise defendant about the risk of deportation arising from a guilty plea. This particular claim of ineffective assistance of counsel did not exist until 2010 when the Supreme Court decided *Padilla*, which was years after Descardes completed his sentence. The time for pursuing a claim of ineffective assistance of counsel in a timely filed PCRA petition had long since expired. Under the circumstances presented, we find that this is one of the rare instances where the PCRA fails to provide a remedy for the claim.

*Descardes*, 101 A.3d at 108-09 (citations modified).

The writ of *coram nobis*, we noted, affords a defendant a means by which to collaterally attack a criminal conviction for a person who no longer is in custody. *Id.* at 109 (citing *Chaidez v. United States*, 133 S.Ct. 1103 (U.S. 2013)). Because Descardes was no longer in custody, he was excluded from PCRA relief. However, "he continue[d] to suffer the serious consequences of his deportation because of his state conviction." Thus, we held that, "[b]ecause Descardes'[] specific ineffective assistance of counsel

- 13 -

claim was not recognized until well after the time he had to file a timely PCRA petition, *coram nobis* review should be available to him." **Id.**

There is simply no daylight in any material aspect of the case *sub judice* and **Descardes**.  As in **Descardes**, and as acknowledged by Attorney Gonzalez, Valerio has long since fulfilled his entire sentence.  As in **Descardes**, Valerio's claims arise under **Padilla**, which was announced years after Valerio's PCRA eligibility had expired.  Consequently, all things being equal, the PCRA court arguably erred in treating Valerio's petition as one arising under the PCRA.

The instant case parts ways from **Descardes**, however, insofar as Valerio's petition does not expressly invoke *coram nobis*.  Indeed, Valerio's petition collectively invokes every grounds for relief **except** *coram nobis*, at least in its title.  The petition contained in the certified record is a hand-written, general prayer for relief by Valerio himself, which eventually was submitted or resubmitted by Mr. Gonzalez under the guise of a November 27, 2013 "Petition to Attach Affidavit to *Nunc-Pro Tunc* Petition for Post Conviction Relief pursuant to 42 Pa.C.S.A. [§§] 9541, *et seq.*, and/or Petition for *Nunc-Pro Tunc* Appeal as to Denial of Petition for Post Conviction Relief or in the alternative *Habeas Corpus* Relief."  On that one-page petition, Mr. Gonzalez indicated that Valerio had filed a *pro se* PCRA petition on October 29, 2013, but that an affidavit by Valerio had been omitted.  The docket contains distinct entries for the October 29, 2013 petition and the November 27, 2013 petition.  However, in the unofficial

- 14 -

numbering of the docket sheet, each filing appears under the number "35," and corresponding to that number are the one-page petition to attach followed by the one-page, handwritten *pro se* petition and/or affidavit in question.

In short, these two lone pages appear to comprise the entirety of Valerio's 2013 PCRA petition. However, more robust information and argument is found in Attorney Gonzalez's subsequent answer to the trial PCRA court's Rule 907 dismissal notice. Therein, Valerio fleshed out in detail the basis of his ineffectiveness claim—to wit, that he is entitled to relief pursuant to the United States Supreme Court's decision in **Padilla**. Moreover, Attorney Gonzalez's response to the trial court's Rule 907 notice acknowledges that Valerio's fulfillment of his entire sentence renders him ineligible for PCRA relief, but argues that, precisely because he is ineligible, in light of **Padilla**, the lack of an avenue for seeking such relief constitutes a violation of his right to due process of law.[5]

---

[5]   Arguably, Valerio's failure to invoke *coram nobis* at any time during the proceedings before the PCRA effectively waives any entitlement he has to seek such relief. However, given that **Descardes** had not yet issued indicating that *coram nobis* was the appropriate avenue for relief under these circumstances, and how challenging our jurisprudence has been with regard to when collateral relief may be pursued outside the confines of the PCRA, as well as the fact that Attorney Gonzalez raised the same substantive arguments as those raised in **Descardes**, we decline to dispose of this appeal based upon waiver.

- 15 -

*Descardes* giveth and *Descardes* taketh away. Before the PCRA court, Valerio made the same substantive argument for extra-PCRA eligibility for relief that this Court accepted in *Descardes* as sufficient to support review under *coram nobis* rather than within the PCRA. However, the *Descardes*' Court nonetheless denied relief on the merits:

> In *Chaidez*, the United States Supreme Court held that *Padilla* announced a new rule of constitutional law that is inapplicable on collateral review to a petition seeking a writ of *coram nobis* whose conviction had become final before *Padilla*. *See* 133 S.Ct. at 1107-13. Put simply, "*Padilla* does not have retroactive effect." 133 S.Ct. at 1105.
>
> Therefore, as *Padilla* does not apply retroactively[,] it may not serve as the basis for the collateral attack of Descardes'[] conviction, which was final when *Padilla* was decided. *See United States v. Amer*, 681 F.3d 211, 214 (5th Cir. 2012).

*Descardes*, 101 A.3d at 109 (citations modified). Consequently, if for no other reason, Valerio is not entitled to relief pursuant to the *Descardes* Court's determination that *Padilla*'s prospective application renders the prayers for relief of those whose judgments of sentence were imposed and sentences served before *Padilla*'s issuance infirm.

As noted, Attorney Gonzalez effectively has satisfied all of the technical requirements of *Turner* and *Finley*. Furthermore, we have conducted an independent review of the record and found no meritorious basis upon which Valerio might seek relief within or outside the PCRA context. Accordingly, we find that Attorney Gonzalez may withdraw, and that Valerio is not entitled to relief.

- 16 -

Order affirmed.  Petition to withdraw as counsel granted.

Judge Jenkins joins the memorandum.

Judge Ott concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/1/2015