J-S46032-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
ROBERT R. WOOTTERS, :
:
Appellant : No.  3682 EDA 2015

Appeal from the PCRA Order October 26, 2015
in the Court of Common Pleas of Bucks County,
Criminal Division, at No(s): CP-09-CR-0005189-2008

BEFORE:    BENDER, P.J.E., OTT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED JULY 26, 2016**

Robert R. Wootters (Appellant) appeals *pro se* from the October 26,

2015 order which denied his petition filed pursuant to the Post Conviction

Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court summarized the procedural history underlying this

case as follows.

> Appellant was charged with three counts of manufacturing, delivery, or possession with intent to manufacture or deliver a controlled substance, and one count of criminal use of communication facility.  On October 1, 2008, Appellant pled guilty to all four counts and sentencing was deferred.  On June 7, 2010, Appellant was sentenced to ten years' county probation. No post[-]sentence motions or direct appeal [was] filed.  On June [10], 2013, Appellant[, who was represented by privately-retained counsel, Attorney Louis Busico,] was found in violation of his probation, and [the trial court] revoked his probation, and resentenced him to a period of not less than three nor more than six years' incarceration.  Appellant[, through counsel,] filed a motion for reconsideration; on June 26, 2013, a hearing on the

*Retired Senior Judge assigned to the Superior Court.

motion was held, and the motion was denied. No direct appeal was filed.

PCRA Court Opinion, 1/12/2016, at 1 (unnecessary capitalization omitted).

On January 7, 2014, Appellant *pro se* filed a document entitled "Motion for Modification of Sentence *Nunc Pro Tunc*." In that motion, Appellant stated that the trial court erred by failing to make him Reduced Risk Reduction Incentive (RRRI) eligible. **See** 61 Pa.C.S. §§ 4501-4512. Specifically, Appellant requested the trial court "grant requested relief in the form of a[n] RRRI minimum sentence." Motion for Modification of Sentence *Nunc Pro Tunc*, 1/7/2014.

The clerk of courts received this motion and wrote a letter to Appellant stating that its "records indicate that [Appellant] is represented by Louis Busico." Letter, 1/7/2014. Thus, the clerk of courts forwarded the motion to Attorney Busico pursuant to Pa.R.Crim.P. 576(A)(4).[1] Nothing further occurred until November 6, 2014, when Appellant *pro se* filed a motion for leave to proceed *in forma pauperis* (IFP). On the same day, Appellant *pro se* filed a notice of appeal to this Court from his June 10, 2013 judgment of sentence. Appellant also filed a motion requesting the appointment of counsel.

The trial court granted Appellant IFP status and ordered the transcription of notes of testimony. The trial court also ordered Appellant to

---

[1] Appellant had retained Attorney Busico privately, and Attorney Busico never withdrew his appearance.

comply with Pa.R.A.P. 1925(b), and Appellant filed a statement accordingly. On February 10, 2015, this Court quashed the appeal as being untimely filed.

> On February 27, 2015, Appellant filed a petition for [PCRA] relief and PCRA counsel was appointed. PCRA counsel filed a motion to withdraw appearance [pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*)] on July 6, 2015. On August 19, 2015, the Commonwealth filed a response to [the] request for [PCRA] relief and requested Appellant's motion be dismissed. A hearing was held on August 20, 2015, and Appellant was given until September 13, 2015 to respond to counsel's motion to withdraw and the Commonwealth's motion to dismiss. After receiving Appellant's rebuttal response to Commonwealth's objections for [PCRA relief] on September 10, 2015, the [PCRA] court denied Appellant's petition on October 26, 2015. [The PCRA court also permitted counsel to withdraw.] Appellant then filed [*pro se*] a notice of appeal with the Superior Court on November 9, 2015.

PCRA Court Opinion, 1/12/2016, at 2 (unnecessary capitalization omitted). Both Appellant and the PCRA court complied with the mandates of Pa.R.A.P. 1925.

Our standard of review of the denial of a PCRA petition is limited to examining whether the court's rulings are supported by the evidence of record and free of legal error. **Commonwealth v. Anderson**, 995 A.2d 1184, 1189 (Pa. Super. 2010). Under the PCRA, all petitions must be filed within one year of the date that the petitioner's judgment of sentence became final, unless one of three statutory exceptions applies. 42 Pa.C.S. § 9545(b)(1); **Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006).

For purposes of the PCRA, a judgment of sentence becomes final at the conclusion of direct review. 42 Pa.C.S. § 9545(b)(3). "The PCRA's time restrictions are jurisdictional in nature." **Chester**, 895 A.2d at 522. "Thus, '[i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.'" **Id.** (quoting **Commonwealth v. Lambert**, 884 A.2d 848, 851 (Pa. 2005)).

Instantly, Appellant was sentenced following his probation violation hearing on June 10, 2013. Appellant timely filed a post-sentence motion, which was denied on June 26, 2013. Appellant did not file timely a notice of appeal to this Court. Thus, for purposes of the PCRA, Appellant's judgment of sentence became final 30 days later, on July 26, 2013. He therefore had until July 26, 2014, in order to file timely a PCRA petition.

Appellant filed the PCRA petition at issue in this case on February 27, 2015. Because Appellant untimely filed his PCRA petition, he had the burden of pleading and offering to prove one of the following exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the

- 4 -

Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). Moreover, he was required to show that the petition was "filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

In counsel's **Turner**/**Finley** letter, he argues that the February 27, 2015 PCRA petition is timely because the PCRA court should have treated the January 7, 2014 motion as a PCRA petition and appointed counsel. Motion for Leave to Withdraw as Counsel, 7/6/2015, Exhibit A, at 2. Thus, counsel suggested the "erroneous denial of [Appellant's] rights to a lawyer on his first PCRA" petition create an exception. **Id**. Moreover, counsel contends that Appellant filed the February 27, 2015 petition within 60 days of this Court's order quashing the first untimely appeal. Accordingly, counsel argued that the petition be deemed timely-filed.[2]

> Generally, a filing that raises issues with respect to remedies offered under the PCRA will be considered a PCRA petition. A prayer for relief, however, which does not fall within the remedies afforded by the PCRA will not constitute a PCRA petition. Thus, the initial question in a collateral filing is whether the petitioner has an available remedy under the PCRA.

---

[2] The PCRA court agreed with this argument and deemed the petition timely filed. **See** PCRA Court Opinion, 1/12/2016, at 4 ("Appellant's [m]otion for [r]econsideration filed on January 7, 2014 should have been treated as a PCRA petition. Therefore, the [c]ourt finds that his PCRA petition would have been timely under 42 Pa.C.S.A. § 9545.").

*Commonwealth v. Lutz*, 788 A.2d 993, 996 n. 7 (Pa. Super. 2001) (citations omitted). In his January 7, 2014 motion, Appellant claimed that the trial court erred by not making a determination as to his RRRI eligibility. "[W]here the trial court fails to make a statutorily required determination regarding a defendant's eligibility for an RRRI minimum sentence as required, the sentence is illegal." *Commonwealth v. Robinson*, 7 A.3d 868, 871 (Pa. Super. 2010). Moreover, a claim challenging the legality of a sentence is cognizable under the PCRA. *See Commonwealth v. Hockenberry*, 689 A.2d 283, 288 (Pa. Super. 1997) (untimely motion to modify illegal sentence treated as PCRA petition, since issues relating to legality of sentence are cognizable under PCRA). Thus, we agree with counsel that the trial court should have treated Appellant's January 7, 2014 motion as his first PCRA petition and appointed PCRA counsel. We further observe that Appellant asked for new counsel and received *in forma pauperis* status on December 1, 2014. *See* Pa. R. Crim. P. 904(C) ("[W]hen an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief."). Accordingly, the trial court's failure to appoint PCRA counsel at that juncture was clear error.

However, "the period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can

be extended only if the PCRA permits it to be extended, *i.e.*, by operation of one of the statutorily enumerated exceptions to the PCRA time-bar." ***Commonwealth v. Ali***, 86 A.3d 173, 177 (Pa. 2014) (quotation marks omitted). Because Appellant has not pled or proven one of the aforementioned exceptions, we disagree with the PCRA court's conclusion that Appellant's February 27, 2015 petition is timely. Thus, we conclude the PCRA court lacked jurisdiction to consider the merits and issue an order dismissing Appellant's PCRA petition on that basis. However, even if we agreed with the PCRA court and concluded that Appellant's February 27, 2015 petition was timely filed, Appellant is not entitled to relief.

Appellant first contends the revocation court erred by sentencing him to a mandatory minimum sentence in violation of ***Alleyne v. United States***, 133 S.Ct. 2151 (2013). In ***Alleyne***, "the United States Supreme Court [] held that any facts leading to an increase in a mandatory minimum sentence are elements of the crime and must be presented to a jury and proven beyond a reasonable doubt." ***Commonwealth v. Valentine***, 101 A.3d 801, 809 (Pa. Super. 2014). Appellant claims that his three-to-six-year sentence was a "*de facto* mandatory [which] still violates ***Alleyne*** and should not be permitted." Appellant's Brief at 5.

The PCRA court concluded that the revocation court "was not administering the mandatory minimum" and instead sentenced Appellant based upon the recommendation of the probation officer, "Appellant's

extensive criminal record, the fact that Appellant had different forms of supervision over the years, and that 'even while he cooperated with authorities over the years, he has failed to remain free of criminal conduct.'" PCRA Court Opinion, 1/12/2016, at 7 (quoting N.T., 6/10/2013, at 27).

The record supports the conclusion of the PCRA court. Although the Commonwealth filed its notice of intent to seek a mandatory minimum sentence in 2008 prior to Appellant's initial guilty plea, there is no evidence in the record that the Commonwealth even suggested the mandatory after the revocation of Appellant's probation.

The revocation court explained the following to Appellant in fashioning his sentence.

> [On June 7, 2010,] the sentencing guidelines would have required me to articulate at length why I would impose a sentence of below 29 months [of] incarceration…. And you got probation, knowing full well that if you did anything wrong, not only would you suffer the consequences for a new criminal act, but you would stand again to be resentenced for your violation of possessing a controlled substance with intent to deliver it within the community.

N.T., 6/10/2013, at 24.

Based on the foregoing, the PCRA court's conclusion is supported by the record, and Appellant is not entitled to relief.

Appellant next argues that Attorney Busico was ineffective for failing to file a direct appeal to challenge the discretionary aspects of Appellant's sentence. Appellant's Brief at 6. The PCRA court concluded that Appellant

waived this issue because he has raised it for the first time on appeal. PCRA Court Opinion, 1/12/2016, at 7.

A review of the record reveals that this issue was not included in Appellant's *pro se* PCRA petition, counsel's **Turner/Finley** letter, or Appellant's *pro se* amendment. Appellant suggests it was included in his *pro se* "Rebuttal Response to Commonwealth Objection for Post Conviction Collateral Relief," which he filed after the hearing was held. In that response, Appellant argues that he has raised a substantial question that the revocation court erred with respect to the discretionary aspects of his sentence. Rebuttal Response, 9/10/15, at 3-8. In Appellant's concise statement, he raises for the first time the claim that "counsel was ineffective for failing to appeal the discretionary aspects of [Appellant's] sentence." Concise Statement, 11/5/2015, at ¶ 2.

Thus, we agree with the PCRA court that Appellant has waived his claim challenging trial counsel's effectiveness. Even if Appellant's "Rebuttal Response" would have preserved a claim, he did not couch it in terms of ineffective assistance of counsel until he filed his concise statement. **See Commonwealth v. Reid**, 99 A.3d 470 (Pa. 2014) (holding claim waived where it was raised for the first time in a supplemental amended PCRA petition that was not authorized); **Commonwealth v. Rigg**, 84 A.3d 1080, 1085 (Pa. Super. 2014) (holding claim of ineffective assistance of counsel waived where it was raised for the first time in a 1925(b) statement).

Based on the foregoing, we affirm the order of the PCRA court dismissing Appellant's PCRA petition.[3]

Order affirmed.[4]

---

[3] We are cognizant that Appellant's original claim in his January 7, 2014 motion was that his sentence is illegal because the revocation court did not determine whether he was eligible for an RRRI minimum sentence. Even though Appellant does not raise this issue in his brief on appeal, "[a] challenge to the legality of a sentence may be raised as a matter of right, is not subject to waiver, and may be entertained as long as the reviewing court has jurisdiction." *Commonwealth v. Borovichka*, 18 A.3d 1242, 1254 n. 8 (Pa. Super. 2011). Assuming we have jurisdiction to entertain such a claim, the PCRA court concluded that Appellant was "ineligible for RRRI minimum sentencing since he has prior convictions that preclude him from receiving the benefit of the RRRI statute." PCRA Court Opinion, 1/12/2016, at 8. The record reveals that Appellant pled guilty to simple assault on April 18, 2013. N.T., 6/10/2013, at 5. Thus, the PCRA court's conclusion that Appellant's prior convictions for, *inter alia*, simple assault, render him ineligible for an RRRI minimum sentence was not error. *See* 61 Pa.C.S. § 4503 (stating that an individual is RRRI eligible where he "[h]as not been found guilty of or previously convicted of or adjudicated delinquent for or an attempt or conspiracy to commit a personal injury crime). Accordingly, Appellant is not serving an illegal sentence on this basis.

[4] We recognize that we are affirming the order of the PCRA court on a different basis. However, "if the court's decision is correct, we can affirm on any ground." *Commonwealth v. Miller*, 787 A.2d 1036, 1038 (Pa. Super. 2001).

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 7/26/2016