J. A21038/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| RICHARD COPPOLINO, | : | No. 822 EDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order Entered March 4, 2019
In the Court of Common Pleas of Montgomery County
Criminal Division at No. CP-46-CR-0010128-2001

BEFORE:  BOWES, J., OLSON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED NOVEMBER 14, 2019**

Richard Coppolino appeals from the March 4, 2019 order entered by the Court of Common Pleas of Montgomery County denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

On August 3, 2001, a jury convicted appellant of one count of involuntary deviate sexual intercourse, three counts of aggravated indecent assault, and one count each of simple assault, recklessly endangering another person, unlawful restraint, terroristic threats, and intimidation of a witness.[1] The trial court sentenced appellant to a term of 61-122 months' imprisonment to be followed by 3 years' probation on November 26, 2001.  On November 27,

---

[1] 18 Pa.C.S.A. §§ 3123(a)(1), 3125(a)(1), 2701(a)(1), 2705, 2902(a)(1), 2706, and 4952(a)(3), respectively.

2002, a previous panel of this court affirmed appellant's judgment of sentence, and our supreme court denied appellant's petition for allowance of appeal on June 30, 2003. *Commonwealth v. Coppolino*, 816 A.2d 326 (Pa.Super. 2002) (unpublished memorandum), *appeal denied*, 827 A.2d 429 (Pa. 2003). Appellant did not seek further review in the Supreme Court of the United States.

Appellant filed a timely first PCRA petition on September 27, 2004. Following an agreement between counsel, the PCRA court reduced appellant's sentence to 35 months and 11 days to 70 months and 22 days' imprisonment to be followed by 4 years' probation.

On June 16, 2010, appellant filed a petition for a writ of *habeas corpus*, in which he averred that he should not be subject to registration and reporting requirements pursuant to Megan's Law. Following a conference, the PCRA court dismissed appellant's petition on December 1, 2010. A previous panel of this court affirmed the PCRA court's denial of relief, but remanded for appellant to be properly notified of his obligations pursuant to Megan's Law. *Commonwealth v. Coppolino*, 40 A.3d 193 (Pa.Super. 2011 (unpublished opinion). Appellant filed a petition for allowance of appeal with our supreme court, which was denied on May 31, 2012. *Commonwealth v. Coppolino*, 47 A.3d 844 (Pa. 2012).

On January 16, 2018, appellant filed the instant PCRA petition/petition for writ of *habeas corpus*. Therein, he argued that he should not be subject

to the reporting and registration requirements of the Sex Offender Registration and Notification Act ("SORNA") due to the holding of *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), which holds that application of SORNA to sex offenders who committed their crimes prior to SORNA's enactment constitutes an *ex post facto* violation under both the United States and Pennsylvania Constitutions. Appellant filed an amended PCRA petition/petition for writ of *habeas corpus* on May 9, 2018.

The PCRA court filed a notice of intention to dismiss appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907 on October 31, 2018, and appellant filed a response on November 16, 2018. Appellant subsequently filed a supplemental response on January 14, 2019. The PCRA court dismissed appellant's petition on March 4, 2019. Subsequent to the PCRA court's dismissal of appellant's petition, appellant filed an addendum to his supplemental response to the PCRA court's Rule 907 notice on March 8, 2019.

Appellant timely filed a notice of appeal on March 15, 2019. The PCRA court did not order appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On April 17, 2019, the PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant raises the following issues for our review:

> [I.] Is the appellant's claim reviewable as a habeas corpus petition? If not, was appellant's petition untimely?
>
> [II.] Is the appellant entitled to relief where the Commonwealth seeks to enforce retroactive

sentencing obligations upon the appellant under
Act 10 of 2018?

Appellant's brief at 2 (extraneous capitalization omitted).[2]

In order to reach a decision on appellant's first issue, we must determine whether the instant petition is within the purview of the PCRA or, alternatively, should be reviewed as a petition for a writ of *habeas corpus*. Appellant contends that the issues raised in his petition fall outside of the scope of the PCRA and should, therefore, be reviewed under the standards for petitions for a writ of *habeas corpus*. (*Id.* at 9.)

> It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. 42 Pa.C.S.[A.] § 9542; ***Commonwealth v. Haun***, [] 32 A.3d 697 ([Pa.] 2011). Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of ***habeas corpus***. [***Commonwealth v. Fahy***, 737 A.2d 214, 223-224 (Pa. 1999)]; ***Commonwealth v. Chester***, [] 733 A.2d 1242 ([Pa.] 1999). Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a ***habeas corpus*** petition. ***See Commonwealth v. Peterkin***, [] 722 A.2d 638 ([Pa.] 1998); ***see also Commonwealth v. Deaner***, 779 A.2d 578 (Pa.Super. 2001) (a collateral petition that raises an issue that the PCRA statute could remedy is to be considered a PCRA petition). Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of ***habeas corpus***.[Footnote 3]
>
>> [Footnote 3] The common law writ of ***habeas corpus*** has not been eliminated. In both ***Commonwealth v. West***, [] 938 A.2d 1034 ([Pa.] 2007) and

---

[2] For ease of discussion, we have re-ordered appellant's issues raised on appeal.

> ***Commonwealth v. Judge***, [] 916 A.2d
> 511 ([Pa.] 2007), our Supreme Court held
> that claims that fall outside the sphere of
> the PCRA can be advanced via a writ of
> ***habeas corpus***.

***Commonwealth v. Taylor***, 65 A.3d 462, 465-466 (Pa.Super. 2013).

Here, appellant contends that his petition does not challenge the propriety of his underlying conviction or sentence; therefore, his petition does not fall under the purview of the PCRA.[3] We disagree. In ***Commonwealth v. Greco***, 203 A.3d 1120, 1123 (Pa.Super. 2019), we determined that because our supreme court had held that SORNA's retroactive application violates state and federal ***ex post facto*** clauses, the legality of a defendant's sentence is implicated, thereby implicating the PCRA. ***Id.***, citing ***Commonwealth v. Butler***, 173 A.3d 1212, 1215 (Pa.Super. 2017); ***Commonwealth v. Murphy***, 180 A.3d 402, 405-406 (Pa.Super. 2018).

Accordingly, we find that the trial court did not err when it reviewed appellant's petition as a PCRA petition.

We must now determine whether appellant's PCRA petition was timely filed. The PCRA requires that any petition for collateral relief be filed within

---

[3] We note that appellant cites cases in which challenges to the applicability of Megan's Law and its successor, SORNA, were treated as writs of ***habeas corpus***. (***See*** appellant's brief at 9, citing ***Commonwealth v. Giannantonio***, 114 A.3d 429, 433 (Pa.Super. 2014), and ***Commonwealth v. Miller***, 787 A.2d 1036, 1038 (Pa.Super. 2001).) Both cases are inapposite here, as neither addresses an underlying conviction in Pennsylvania state courts. The defendant in ***Giannantonio*** pled guilty to sexual offenses in federal court, while the defendant in ***Miller*** was convicted in Hawaii. ***See Giannantonio***, 114 A.3d at 431; ***Miller***, 787 A.2d at 1037.

one year of the date that the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." ***Commonwealth v. Callahan***, 101 A.3d 118, 122 (Pa.Super. 2014), quoting 42 Pa.C.S.A. § 9545(b)(3). A petitioner may only timely file a PCRA petition beyond one year of the date the judgment of sentence becomes final if:

> (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)   the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(i)-(iii).

> "[T]he time limitations pursuant to . . . the PCRA are jurisdictional." [***Fahy***, 737 A.2d at 222.] "[Jurisdictional time] limitations are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits." ***Id.*** "If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because

- 6 -

> Pennsylvania courts are without jurisdiction to consider the merits of the petition." ***Commonwealth v. Perrin***, 947 A.2d 1284, 1285 (Pa.Super. 2008).

***Commonwealth v. Jackson***, 30 A.3d 516, 519 (Pa.Super. 2011), ***appeal denied***, 47 A.3d 845 (Pa. 2012).

Here, appellant's judgment of sentence became final on September 28, 2003, following the conclusion of the period in which appellant could have filed a petition for a writ of ***certiorari*** with the Supreme Court of the United States. ***See*** U.S. Sup. Ct. R. 13. Appellant filed the PCRA petition at issue on January 16, 2018—over 14 years after his judgment of sentence became final and over 13 years after a PCRA petition could be considered timely. ***See*** 42 Pa.C.S.A. § 9545(b)(1).

Appellant argues that he is entitled to relief because he filed the PCRA petition at issue within 60 days of the effective date of SORNA. (Appellant's brief at 10.) He further argues that our supreme court's decision in ***Muniz*** renders his registration requirements unconstitutional. (***Id.*** at 10-11.)

Newly enacted legislation is not an exception to the jurisdictional time-bar recognized by the PCRA. Moreover, ***Muniz*** does not provide appellant with an avenue toward relief. Indeed, the ***Muniz*** court held that the retroactive application of SORNA's registration requirements violates the federal ***ex post facto*** clauses of both the United States and Pennsylvania Constitutions. ***Muniz***, 164 A.3d at 1123. The court, however, did not create a retroactive right as contemplated by Section 9545(b)(1)(iii) of the PCRA.

*Commonwealth v. Murphy*, 180 A.3d 402, 405 (Pa.Super. 2018), *appeal denied*, 195 A.3d 559 (Pa. 2018). As conceded by appellant, this court held *Muniz* applied retroactively on collateral review only in cases involving timely filed PCRA petitions. *See Commonwealth v. Rivera-Figueroa*, 174 A.3d 674, 678 (Pa.Super. 2017); *Commonwealth v. Knecht*, ___ A.3d ___, 2019 WL 4459069 (Pa.Super. September 18, 2019).

Accordingly, we find that appellant has neither pled nor proved an exception to the PCRA time-bar. Therefore, we do not have jurisdiction to consider the merits of the issues raised by appellant on appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/14/19

- 8 -