J-S25011-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUSTIN CORLISS | : | |
| | : | |
| Appellant | : | No. 19 EDA 2024 |

Appeal from the Order Entered December 4, 2023
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0002173-2013

BEFORE: DUBOW, J., McLAUGHLIN, J., and BECK, J.

MEMORANDUM BY DUBOW, J.: **FILED AUGUST 2, 2024**

Appellant, Justin Corliss, appeals *pro se* from the December 4, 2023 order entered in the Monroe County Court of Common Pleas denying Appellant's petition for a *writ* of *habeas corpus* which Appellant based on challenges to the constitutionality of 18 Pa.C.S. § 3125 and 42 Pa.C.S. § 5552(c)(3). After careful review, we affirm.

The relevant facts and procedural history are briefly as follows. On June 1, 2016, a jury convicted Appellant of two counts of Aggravated Indecent Assault of a Child, 18 Pa.C.S. § 3125(b). On October 7, 2016, the trial court sentenced Appellant to an aggregate term of nine to 18 years of incarceration.[1] On December 8, 2017, this Court affirmed Appellant's

_____

[1] The court ordered this sentence to run consecutively to a 30- to 60-year sentence imposed at Docket No. 2173-2013.

judgment of sentence and our Supreme Court denied Appellant's petition for allowance of appeal. *See Commonwealth v. Corliss*, No. 108 EDA 2017 (non-precedential decision), *appeal denied*, No. 17 MAL 2018 (Pa. filed Oct. 30, 2018). Appellant did not seek further relief from his judgment of sentence.

Appellant filed two petitions pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, neither of which garnered relief.

On December 4, 2023, Appellant filed the instant petition seeking a *writ of habeas corpus* based on his challenge to 18 Pa.C.S. § 3125 and 42 Pa.C.S. § 5552(c)(3) as unconstitutionally vague both facially and as applied. Petition, 12/4/23, at 1. In particular, he claimed that Section 3125—the Aggravated Indecent Assault statute—"fails to provide fair notice as to what behavior is unlawful" in that the statute and "fails to state with definiteness": (1) "that it is not intended to encompass acts designed to arouse or gratify sexual arousal"; (2) that the legislature designed it to "address conduct that results in serious bodily injury or the threat thereof"; (3) "that it is a 'crime of violence'"; (4) that its culpability element is that of malice aforethought"; (5) "that persons found guilty of it are subject to sentencing reserved for the 'most violent offenders'"; and (6) "what conduct is proscribed such that persons of common intelligence must necessarily guess at its meaning and differ as to its application[.]" *Id.* at 2-3.

Appellant also claimed that Section 5552(c)(3), which sets forth the statute of limitations for certain sexual offenses, not including Aggravated Indecent Assault, "violates the *ex post facto* prohibitions of both the

Commonwealth and the United States Constitutions." *Id.* 3-4. He specifically asserted that Section 5552(c)(3) "fails to state with definiteness": (1) "that it is, or is not, a tolling statute"; (2) "that it is, or is not, a pure statute of limitations, akin to [Section] 5552(a) or (b) as were in effect in 1997"; (3) "that it is, or is not, subject to rules specifically designed for pure statutes of limitations, such as 1 Pa.C.S.[] § 1975"; (4) "that it does, or does not, require some quantum of evidence to support its use"; (5) "that it is, or is not, subject to the prohibitions regarding extending or enlarging limitations found under [Sections] 1722 and [] 5504"; (6) "that it does not violate the Pennsylvania Constitution's guarantee of access to accrued legal remedies by invalidating a defense based on the expiration of the statute of limitations"; and (7) "that its application can, or cannot, be decided by a jury." *Id.*

That same day, the trial court entered an order denying Appellant's petition. With respect to Appellant's claim that the Aggravated Indecent Assault statute is unconstitutional, the trial court determined that because the statute does not require that a defendant acted in a violent manner when engaging in the conduct prohibited by it, nor with malice aforethought, Appellant "misinterpreted the statute." Order, 12/4/23, at 1. In rejecting Appellant's other contentions, including his claim that Section 5552(c)(3) is unconstitutional, the trial court "rel[ied] on prior opinions/orders and appellate orders in this case regarding 18 Pa.C.S.[ §] 3125 and applicable case law." *Id.* at 1-2.

On December 19, 2023, Appellant filed a motion to vacate the court's order denying his petition as "improvidently denied." The trial court denied Appellant's motion on January 2, 2024.

This timely appeal followed. Appellant complied with Pa.R.A.P. 1925. In response, the trial court filed a Rule 1925(a) opinion relying on its December 4, 2023 order.

*Pro se* Appellant raises the following issue for our review:

1. Whether the *habeas* court erred and abused its discretion when it obstructed litigation of [A]ppellant's *habeas* petition, averring as applied and facial challenges to statutes by:
   A. dismissing without a responsive pleading from the respondent party; and
   B. *sua sponte* obstructing this litigation to self-vindicate prior erroneous claims; and
   C. advocating for the executive branch of government; and
   D. acting outside the scope of his jurisdiction; and
   E. interposing erroneous interpretations that render statutes unconstitutionally vague, such as:
      (1)    claiming that no violence of physical injury is required to commit aggravated indecent assault "crime of violence" where sentencing is reserved for the "most violent" offenders; and
      (2)    claiming that reviving charges whose limitations period expired does not violate the *ex post facto* clause[?]

Appellant's Brief at 5.

**A.**

As a prefatory matter, we observe that, in Pennsylvania, the PCRA subsumes the *writ* of *habeas corpus* and is "intended to be the sole means of achieving post-conviction relief." ***Commonwealth v. Taylor***, 65 A.3d 462, 465 (Pa. Super. 2013); 42 Pa.C.S. § 9542. Consequently, claims that could

be brought under the PCRA must be brought under the PCRA. ***Commonwealth v. Hall***, 771 A.2d 1232, 1235 (Pa. 2001). If a claim is cognizable under the PCRA, *habeas corpus* relief is unavailable. ***Commonwealth v. Peterkin***, 722 A.2d 638, 640–41 (Pa. 1998). Claims that a conviction or sentence arose from a constitutional violation are cognizable under the PCRA. 42 Pa.C.S. § 9543(a)(2)(i).

Here, Appellant claimed in his petition for *writ* of *habeas corpus* that Sections 3125 and 5552 were unconstitutionally vague on their face and as applied to him. This claim is cognizable under the PCRA. Accordingly, we consider whether the trial court properly denied Appellant relief through the lens of the PCRA.

**B.**

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. ***Commonwealth v. Boyd***, 923 A.2d 513, 515 (Pa. Super. 2007). "We give no such deference, however, to the court's legal conclusions." ***Commonwealth v. Smith***, 167 A.3d 782, 787 (Pa. Super. 2017).

As a preliminary matter, the timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Hackett***, 956 A.2d 978, 983 (Pa. 2008). Pennsylvania law is clear that no court has jurisdiction to hear an

untimely PCRA petition. ***Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa. 2003). In order to obtain relief under the PCRA, a petition must be filed within one year from the date the judgment of sentence became final. 42 Pa.C.S. § 9545(b)(1).

Pennsylvania courts may consider an untimely PCRA petition, however, if the petitioner pleads and proves one of the three exceptions to the time-bar set forth in Section 9545(b)(1)(i)-(iii): "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; [or] (3) an after-recognized constitutional right." ***Commonwealth v. Brandon***, 51 A.3d 231, 233-34 (Pa. Super. 2012). If a petitioner fails to invoke a valid exception to the PCRA time-bar, courts are without jurisdiction to review the petition or provide relief. ***Commonwealth v. Spotz***, 171 A.3d 675, 676 (Pa. 2017).

Here, Appellant's judgment of sentence became final on January 28, 2019, 90 days after the Pennsylvania Supreme Court denied his petition for permission to appeal, and the time for filing a *writ* of *certiorari* with the United States Supreme Court expired. ***See*** U.S. Sup. Ct. R. 13. The instant petition, filed on December 4, 2023, is facially untimely.

A thorough review of Appellant's filings, including his petition and brief to this Court, reveals that he has made no attempt to plead and prove the applicability of one of the timeliness exceptions to the PCRA's one-year time bar. Accordingly, we are without jurisdiction to review the merits of the issues

raised, and we are constrained to affirm the order denying Appellant relief, albeit on grounds different than those found by the PCRA court.[2]

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/2/2024

---

[2] **_See Commonwealth v. Miller_**, 787 A.2d 1036, 1038 (Pa. Super. 2001) (reiterating the general rule that "if a trial court's decision is correct, we may affirm on any ground.").